2001 UT 14

**STATE of Utah, Plaintiff and Appellant,**

v.

**Scott C. CHRISTENSEN, Defendant and Appellee.**

No. 990347.

Supreme Court of Utah.

Feb. 16, 2001.

Mark L. Shurtleff, Att'y Gen., Kenneth A. Bronston, Asst. Att'y Gen., Salt Lake City, Craig C. Halls, Monticello, for plaintiff.

Rosalie Reilly, Monticello, for defendant.

HOWE, Chief Justice:

¶ 1 The State of Utah appeals from a final order of dismissal in a prosecution against defendant Scott C. Christensen for three counts of rape, a first degree felony, in violation of section 76–5–402 of the Utah Code, and four counts of forcible sexual abuse, a second degree felony in violation of section 76–5–404(1). The trial court ruled that the allegations of the information did not constitute the offenses charged and dismissed it. The appeal requires us to decide whether section 76–5–406(11), which protects victims "14 years of age or older, but not older than 17" from persons more than three years older who entice or coerce them into sexual conduct, extends that protection to a victim seventeen years old until she attains her eighteenth birthday. Utah Code Ann. § 76–5–406(11) (Supp.1998).

¶ 2 Section 76–5–406, entitled "Sexual offenses against the victim without consent of victim—Circumstances," gives a detailed list of sexual conduct that is considered to be without consent if any of a long list of circumstances apply. The subsection at issue in this case is subsection 11, which provides that any sexual conduct is considered to be without consent if:

> (11) [T]he victim is 14 years of age or older, but not older than 17, and the actor is more than three years older than the victim and entices or coerces the victim to submit or participate, under circumstances not amounting to the force or threat required under Subsection (2) or (4).

Defendant contends, and the trial court agreed, that because the victim had passed her seventeenth birthday at the time of the alleged incidents, "she was older than 17" and that subsection 11 did not apply. The State argues that subsection 11 does apply because the victim was not "older than 17" until she turned eighteen, approximately three weeks after the last charged incident of sexual conduct occurred.

¶ 3 We begin our analysis by noting that section 76–1–106 provides:

The rule that a penal statute is to be strictly construed shall not apply to this code, any of its provisions, or any offense defined by the laws of this state. All provisions of this code and offenses defined by the laws of this state shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law and general purposes of Section 76–1–104.

Utah Code Ann. § 76–1–106 (Supp.1998). We have held that the words of a statute should be interpreted in accord with their usual and accepted meaning. *Clover v. Snowbird Ski Resort,* 808 P.2d 1037, 1045 (Utah 1991). The State asserts that the words of the statute "not older than 17" are commonly understood to mean "all persons who have not yet reached their eighteenth birthday" and in everyday usage, when a person is a month shy of her eighteenth birthday, she is still referred to as being seventeen. In support of that interpretation, the State relies on *State v. Shabazz,* 263 N.J.Super. 246, 622 A.2d 914, 916, *cert. denied,* 133 N.J. 444, 627 A.2d 1149 (1993), where the court stated that "in common parlance, a juvenile becomes 17 years of age upon reaching his 17th birthday and remains 17 years of age until he reaches his 18th birthday. The simple and overriding fact is that most people state their ages in yearly intervals." The State also refers us to *Covell v. State,* 143 Tenn. 571, 572, 227 S.W. 41, 41 (1921), where the court observed, "It is technically true that one reaches a particular age at a fixed or certain point of time, but, having attained the designated birthday, one's age, as ordinarily alluded to, continues as of the latter birthday until the succeeding one is reached."

¶ 4 On the other hand, defendant's interpretation is supported by cases from Alaska, Ohio, and North Carolina. In *State v. Linn,* 363 P.2d 361, 363 (Alaska 1961), the court wrote: "We find the law to be quite well established, that with respect to penal statutes, a person is over or under a certain age, say sixteen years, when he has reached that particular anniversary of his birthday." *Ac-*

*cord State v. Maxson,* 54 Ohio St.2d 190, 375 N.E.2d 781, 782 (1978) (stating that an individual who has passed his or her fifteenth birthday but has not reached his or her sixteenth birthday is 'over fifteen years of age' for the purposes of the ... [statute]); *State v. McGaha,* 306 N.C. 699, 295 S.E.2d 449, 450 (1982) (stating that "[t]his 'common practice' [of adults stating their age by giving the number of birthdays celebrated], however, is based on the fiction that we grow older only at yearly intervals. The truth, of course, is that we grow older a day (or less) at a time. After a child celebrates his twelfth birthday, he is no longer '12 or less,' he is 12 *and more.*" The Ohio and North Carolina decisions were rendered by a divided court.

¶ 5 Our task is not to determine which interpretation is technically correct. Instead, we interpret the words of a statute in accordance with their usual and accepted meanings. *Clover,* 808 P.2d at 1045. It is significant that it is almost a universal practice in our society to state our age (except possibly for infants) by the number of full years we have lived, without adding or recognizing that we have also lived some additional months beyond those full years. We do not ordinarily recognize increase in our age until we have lived another full year. Thus we conclude that the usual and accepted meaning that a person is seventeen years old is that the person has not reached his or her eighteenth birthday. In two of the three cases cited in support of defendant's interpretation of subsection 11, the courts relied in part on the rule that criminal statutes are to be construed strictly against the state and liberally in favor of the defendant. *Maxson,* 375 N.E.2d at 782; *McGaha,* 295 S.E.2d at 450. As we have pointed out, that rule does not obtain in Utah. Section 76–1–106 expressly prohibits its application to our criminal code and substitutes instead the rule that "all ... offenses defined by the laws of this state shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law." Utah Code Ann. § 76–1–106 (Supp.1998).

¶ 6 Defendant points out that subsection 11, which we are construing here, was enact-

ed in the same legislative bill as subsection 10. *See* 1988 Utah Laws ch. 156. Subsection 10 added protection for children "younger than 18 years of age" by making any sexual contact with them by a parent, stepparent, adoptive parent, or legal guardian to be without the child's consent.[1] Noting the difference in the wording between subsection 10 and subsection 11, defendant argues that the legislature clearly protected persons seventeen years old in subsection 10 but opted not to include them in subsection 11. The trial judge likewise noted the difference in the wording between the two subsections and relied heavily on that difference in wording in dismissing the charges against defendant.

¶ 7 We recognize the force of defendant's argument and concede that we have decided cases in which we have relied on a difference in wording in two successive subsections to produce different results. However, in the instant case, we can conclude only that the legislature in using different language in subsections 10 and 11 did not intend to make a distinction. We can perceive no reason why the legislature would protect a minor seventeen years old in subsection 10 against sexual conduct by a parent, stepparent, adoptive parent, or legal guardian, but in subsection 11 would not protect the same seventeen-year-old minor against the enticing or coercion of an adult predator more than three years older than the minor. In short, we conclude that "not older than 17" in subsection 11 has the same meaning as "younger than 18" in subsection 10.

¶ 8 Legislative history confirms our conclusion that no age differential was intended between subsection 10 and subsection 11. The subsections were added to section 76–5–406 in House Bill 47 of the 1988 Legislature. The bill contained amendments to several sections in our criminal code. Section 2 of the bill added subsections 10 and 11. In explaining the addition of these two subsections, Representative Grant B. Protzman stated on the floor of the House, "The second change which is made, in section 5–406 [76–5–406], includes crimes against children ages

fifteen to seventeen." Floor Debate, Utah House of Representatives, 47th Leg.1988, General Sess., House Day 8, Record No. 2, Side 1 (Jan. 18, 1988). He also circulated a memorandum in the House explaining House Bill 47. The memorandum states in relevant part:

> 2. Section 76–5–406: For crimes against children who are 14 or under there are no requirements that the offense be "without the child's consent." For crimes against children ages 15–17, there are requirements that the prosecution prove the offense was "without the child's consent." Section 76–5–406 defines the circumstances that amount to a finding of "no consent." This bill adds two more circumstances, aimed at 15–17 year old victims, where, by definition, the court may determine that the victim did not consent to the action.

File for House Bill 47, 47th Leg., 1988, Office of Legislative Research and General Counsel, Memorandum to Representative Protzman (Jan. 4, 1988).

¶ 9 In extending that protection to age eighteen, the legislature has followed a consistent pattern. A minor reaches the age of majority on his or her eighteenth birthday. Utah Code Ann. § 15–2–1. At age eighteen, persons are able to contract, *id.* § 15–2–2, marry, *id.* § 30–1–9, vote, *id.* § 20a–2–101(1)(c), and act as an incorporator of a business corporation, *id.* § 16–10a–201. These are but a few examples in our statutes where the legislature has determined that a person is not capable of making adult decisions until he or she has attained the age of eighteen. A person's eighteenth birthday has specific significance in terms of personal autonomy.

¶ 10 In conclusion, section 76–5–406(11) applies to a victim up to his or her eighteenth birthday. We reverse the order dismissing the charges against defendant and remand the case to the trial court for further proceedings.

¶ 11 Associate Chief Justice RUSSON, Justice DURHAM, Justice DURRANT, and

---

**1.** Subsections 10 and 11 were enacted as part of House Bill 47 in the 1988 session of the legislature. In that bill, the subsections were designated 8 and 9. They have since been renumbered 10 and 11.

Justice WILKINS concur in Chief Justice HOWE'S opinion.