Filed 4/30/12

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,       )
)
     Plaintiff and Respondent,    )
)       S189733
     v.      )
)      Ct.App. 1/2 A123957
MICHAEL DAVID CORNETT,    )
)      Sonoma County
     Defendant and Appellant.    )    Super. Ct. No. SCR504048
_____)

     Penal Code section 288.7 makes it a felony, punishable by an indeterminate life term, for any adult to engage in specified sexual conduct "with a child who is 10 years of age or younger."[1] Does the phrase "10 years of age or younger" include within its protection a child victim who is 10 years of age but has not yet reached his or her 11th birthday? Or is the phrase limited, as the majority of the Court of Appeal held, to children molested prior to the day of or on the day of their 10th birthday? We conclude that the interpretation of the statutory phrase "10 years of age or younger" includes children younger than 10 years of age and children who have reached their 10th birthday but who have not yet reached their

_____

[1] Subdivision (a) of Penal Code section 288.7 provides that a defendant who engages in sexual intercourse or sodomy "with a child who is 10 years of age or younger" is subject to a prison term of 25 years to life. Subdivision (b) of Penal Code section 288.7 provides that a defendant who engages in oral copulation or sexual penetration, as defined in Penal Code section 289, "with a child who is 10 years of age or younger" is subject to a prison term of 15 years to life.

11th birthday. That is, "10 years of age or younger" as expressed by the Legislature in Penal Code section 288.7 is another means of saying "under 11 years of age." We reverse the judgment of the Court of Appeal that concluded otherwise.

## I.

### BACKGROUND

Defendant Michael David Cornett sexually molested his two stepdaughters. He was convicted of seven felony sex offenses, including one count of oral copulation of Jane Doe 1 in violation of Penal Code[2] section 288.7, subdivision (b).[3] With respect to his conviction of violating section 288.7(b) as to Jane Doe 1, the trial court imposed, but stayed pursuant to section 654, a sentence of 50 years to life.

Defendant claimed on appeal, among other things, that his section 288.7(b) conviction must be reversed and the count dismissed because Jane Doe 1 — who was 10 years and approximately 11 months old at the time of the molestation — was not "10 years of age or younger" within the meaning of section 288.7. The majority of the Court of Appeal panel agreed with defendant that victims who have passed their 10th birthday fall outside the scope of section 288.7. The Court

---

[2] All further statutory references are to the Penal Code unless otherwise indicated, and references to section 288.7, subdivision (b), shall be to section 288.7(b).

[3] The jury also found true allegations that defendant was a habitual sexual offender (§ 667.71), that defendant committed offenses against more than one victim (§ 667.61, subd. (b)), and that defendant had been previously convicted of committing a lewd act upon a child in violation of section 288, subdivision (a), which constituted a prior strike conviction (§ 1170.12) and a prior serious felony conviction (§ 667, subd. (a)(1)). The trial court sentenced defendant to state prison for 10 years, plus three consecutive 50-year-to-life terms.

2

of Appeal dissent reasoned that common parlance and common sense supported the interpretation of section 288.7 as covering children until they reached their 11th birthday. We granted the People's petition for review.

## II.

### DISCUSSION

To determine whether defendant was properly convicted of violating section 288.7(b), we must determine the meaning of the phrase "10 years of age or younger" as stated in section 288.7.[4] The basic rules for statutory construction are well settled.

"As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose." (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent." (*People v. Watson* (2007) 42 Cal.4th 822, 828; accord, *Catlin v. Superior Court* (2011) 51 Cal.4th 300, 304.) The plain meaning controls if there is no ambiguity in the statutory language. (*People v. King* (2006) 38 Cal.4th 617, 622.) If, however, "the statutory language may reasonably be given more than one interpretation, ' " 'courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute.' " ' " (*Ibid.*)

---

**4** As we have noted, the phrase "10 years of age or younger" appears in both subdivisions of section 288.7.

3

*A.    The Ordinary Meaning of "10 Years of Age"*

In accordance with these principles, we begin our consideration of the language of section 288.7 by noting that, with the exception of infants, an individual ordinarily states his or her age as the year or number of years accumulated since the birth year.  In common parlance, a person reaches a particular age on the anniversary of his or her birth and remains that age until reaching the next anniversary of his or her birth.  Black's Law Dictionary recognizes this usual understanding of "age," noting that "[i]n American usage, age is stated in full years completed (so that someone *15 years of age* might actually be 15 years and several months old)."  (Black's Law Dict. (9th ed. 2009) p. 70, col. 1.)  Thus, the ordinary meaning of the phrase "10 years of age" is a child who has reached his or her 10th birthday but who has not yet reached his or her 11th birthday.[5]  (See *Wasatch Property Management v. Degrate* (2005) 35

---

[5]    We reject the argument of the Riverside County Office of the Public Defender as amicus curiae that our opinion in *In re Harris* (1993) 5 Cal.4th 813 answers the question here and requires us to conclude that for the purpose of section 288.7 a child ceases to be 10 years old on or after his or her 10th birthday. In *Harris*, this court concluded that California has statutorily abrogated the common law rule that one reaches a given age at the earliest moment of the day before the anniversary of birth and instead adopted the "birthday rule" under which a person attains a certain age on his or her corresponding birthday.  (*Harris, supra,* at pp. 844-845, 849.)  The application of the birthday rule answered the question of *when* the petitioner in *Harris* turned 16 years old for purposes of being subject to a finding of unfitness and trial as an adult.  (*Id.* at pp. 843, 850.)  Neither *Harris* nor the birthday rule answers the question presented here, whether under section 288.7 a child is considered "10 years of age" only on the 10th anniversary of his or her birth or throughout the following year until his or her 11th birthday. True, in the course of reaching our conclusion in *Harris*, we noted that "[i]n reality, 18 years from the first minute of life would expire — that is, *the 19th year would begin* — at that same minute on a person's 18th birthday, i.e., the day 'corresponding' to the day of birth."  (*Harris, supra,* at p. 844, italics added.)  This

*(Footnote continued on next page.)*

4

Cal.4th 1111, 1121-1122 ["When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word"]; *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 720 [interpreting statutory language in accordance with its usual and ordinary meaning].)

Defendant contends this ordinary understanding of age is not the only reasonable understanding of the phrase "10 years of age" used in section 288.7. In his view, individuals are "under" a specified age before their birthday and "over" the specified age starting on the day after their birthday. Technically, they are a specific age only on their actual birthday. He argues that because the Legislature used the phrase "10 years of age or younger" and not the phrase "under 11 years of age," a precise reading of the chosen language would at most cover children up to and including their 10th birthday.

Defendant's proposed technical reading of the phrase "10 years of age or younger" is sufficiently plausible to demonstrate a latent ambiguity in the statutory language. We therefore turn to a consideration of the legislative history and purpose of section 288.7 for any light it might shed on the Legislature's intent. (*People v. King, supra,* 38 Cal.4th at p. 622; *Mosk v. Superior Court* (1979) 25 Cal.3d 474, 495; see also *Quarterman v. Kefauver* (1997) 55 Cal.App.4th 1366, 1371.)

---

*(Footnote continued from previous page.)*

language, however, simply recognizes the obvious fact that after a person attains a certain age he or she begins living his or her next year of life.

5

*B.*     *The Legislative History and Purpose of Section 288.7 and the Legislative History of Other Penal Code Statutes Containing Similar Language*

Section 288.7 was enacted as part of the Sex Offender Punishment, Control, and Containment Act of 2006 (the Act).  (Stats. 2006, ch. 337, § 1, p. 2584.)  The Act contained more than 60 sections.  It made numerous changes to the body of statutory law relating to sex offenders.  (Assem. Com. on Appropriations, Analysis of Sen. Bill No. 1128 (2005-2006 Reg. Sess.) as amended June 22, 2006, p. 1.)  The primary purpose of the Act was to prevent "future victimization" of the community by sex offenders.  (Stats. 2006, ch. 337, § 2, subd. (a), p. 2584.)  Among the provisions of the Act was the creation of several new criminal offenses involving child victims.  For example, the Act created the offense of child luring (*id.,* § 7, p. 2589 adding § 288.3 to the Penal Code), the offense of loitering on school grounds by a registered sex offender (*id.,* § 25, p. 2631 adding § 626.81 to the Penal Code), and, of course, the new offense imposing an indeterminate life sentence for sexual intercourse, sodomy, oral copulation or sexual penetration of "a child 10 years of age or younger" in section 288.7.  (*Id.*, § 9, pp. 2590-2591.)  A number of the other provisions of the Act also increased penalties for, among other crimes, child pornography and various sex offenses against children.  (See, e.g., Stats. 2006, ch. 337, §§ 6, p. 2589, 20, 21, 22, 23, pp. 2624-2629, 26, p. 2631.)  In addition, changes were made to parole and probation provisions for sex offenders, to sex offender registration requirements, and to the system for collecting and disseminating information regarding sex offenders.  (See Legis. Counsel's Dig., Sen. Bill No. 1128 (2005-2006 Reg. Sess.) 6 Stats. 2006, Summary Dig., pp. 180-184.)

There is nothing in the legislative history of the Act expressly addressing the specific issue of statutory interpretation before us.  Defendant urges us,

however, to draw from a few descriptive comments regarding proposed section 288.7 a legislative intent "to mean a child under the age of 10 years."

First, defendant points us to a Senate floor analysis that describes the Act as creating a new crime "for sex offenses against *very young* children." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 1128 (2005-2006 Reg. Sess.) as amended May 26, 2006, par. 2, italics added.) Defendant asserts children who have reached their 10th birthday are not "*very young* children," but cites no authority supporting his claim. We reject this argument. Moreover, in an earlier Senate committee analysis the same bill provision was described as creating a new crime "for specified sex crimes against *young* children." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1128 (2005-2006 Reg. Sess.) as amended Mar. 7, 2006, p. B, italics added.) Both "very young" and "young" are adjectives that reasonably could refer to children who have reached their 10th, but not yet reached their 11th, birthday.

Second, defendant refers us to Assembly analyses regarding the Act, both of which describe the new crime as punishing any adult who engages in specified sexual conduct "with a child *under* the age of 10 years . . . *or younger*." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1128 (2005-2006 Reg. Sess.) as amended June 22, 2006, p. 2, italics added; Assem. Analysis of Sen. Bill No. 1128 (2005-2006 Reg. Sess.) as amended Aug. 22, 2006, p. 2, italics added.) Defendant asserts that this description reflects the Assembly's understanding that the bill provided more severe punishment for the commission of sexual crimes against children *under* the age of 10. We are not persuaded by this contention. The Assembly description given in these legislative materials makes no linguistic sense because children "*under*" 10 years old are by definition "*younger*" than 10 years old, yet the Assembly description separates these child victims into two categories — those "under" the age of 10 *or* "younger." It seems more likely,

7

under these circumstances, that the Assembly materials merely reflect an error in describing the bill's language. Furthermore, the description of the protected class of child victims in the Assembly materials does not match the language that was actually enacted, which speaks in terms of a child who "is" 10 years of age or younger, not "under" 10 years of age.

These imprecise and inaccurate legislative descriptions do not support any legislative intent that children under 11 years of age should be excluded from the protection of section 288.7. To the contrary, the general scope and purpose of the Act make it more likely that the Legislature intended the ordinary and common meaning of the phrase "10 years of age" and not the restrictive meaning asserted by defendant. The Act expressly states that its purpose is to increase the protection of the community from victimization by sexual offenders, and numerous provisions of the Act focus specifically on protecting children by creating new criminal offenses and increasing existing penalties for criminal conduct that victimizes them. In light of this protective purpose, it would be anomalous for the Legislature to have intended to extend the protection in section 288.7 to children who turn 10 years old, but for only one day — their birthday. In contrast, an interpretation of the phrase "10 years of age or younger" to mean "under 11 years of age" would more realistically advance the legislative purpose.

Moreover, although nothing in the legislative history regarding section 288.7 expressly addresses the meaning of the phrase "10 years of age or younger," there is legislative history relating to other Penal Code statutes in which the Legislature has used similar "X years of age or younger" language. (§§ 417.27, 701.5, 1347, subd. (b).) In evaluating whether the Legislature intended

8

defendant's restrictive interpretation of the age language in section 288.7, we find it helpful to review these materials for any insight they may provide.[6]

For example, in 1998 the Legislature added section 701.5, which precludes a peace officer or agent of a police officer from using a person "who is 12 years of age or younger" as a minor informant. (§ 701.5, subd. (a), added by Stats. 1998, ch. 833, § 1, p. 5275.) The final Assembly floor analysis summarized this portion of the legislation as precluding the use of "a person under the age of 13 years" as a minor informant. (Assem. Floor analysis, Assem. Bill No. 2816 (1997-1998 Reg. Sess.) as amended Aug. 25, 1998, p. 1.)

As another example, in 1998 the Legislature amended section 1347, which provides a court with discretion under specified circumstances to allow a child witness to testify by way of closed-circuit television. (Stats. 1998, ch. 670, § 1.5, p. 4373.) Responding to the suggestion that section 1347 should be consistent with the law that punishes more severely lewd acts upon a child "under the age of 14" (Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 1692 (1997-1998 Reg. Sess.) as amended Apr. 27, 1998, p. 3; Sen. Com. on Pub. Safety, Analysis of Assem. Bill No. 1692 (1997-1998 Reg. Sess.) as amended June 23, 1998), the Legislature revised the statute to authorize courts to order the testimony of a minor "13 years of age or younger" to be taken by closed-circuit television. (§ 1347, subd. (b), as amended by Stats. 1998, ch. 670, § 1.5, p. 4373.)

---

[6] We recognize the rule of statutory construction that identical language appearing in separate statutory provisions should receive the same interpretation when the statutes cover the same or an analogous subject matter. (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 201; *Walker v. Superior Court* (1988) 47 Cal.3d 112, 132.) We do not rely on that rule for our conclusion here because sections 417.27, 701.5, and 1347, subdivision (b), do not concern the same or an analogous subject as section 288.7. Rather, we consider these other statutory provisions for a more limited illustrative purpose.

9

In 1999 the Legislature added section 417.27 to prohibit, among other things, the knowing sale of a laser pointer to a person "17 years of age or younger, unless he or she is accompanied and supervised by a parent, legal guardian, or any other adult 18 years of age or older." (§ 417.27, subd. (a), added by Stats. 1999, ch. 621, § 2, p. 4363.) Assembly floor analyses summarized this provision simply as prohibiting the sale of a laser pointer "to a minor" or "to a person under age 18." (Assem. Com. on Appropriations, Analysis of Assem. Bill No. 293 (1999-2000 Reg. Sess.) as amended Apr. 15, 1999, p. 1; Assem. Floor Analysis, Assem. Bill No. 293 (1999-2000 Reg. Sess.) as amended Aug. 31, 1999, p. 1.)

The legislative history of these statutes cuts against defendant's view that the Legislature intended a restrictive meaning, rather than the common and ordinary understanding of age, to apply to the phrase "10 years of age or younger" in section 288.7.

C.   *Consistency with Interpretation of Statutes Imposing Penalties on Persons "Over the Age of 21 Years"*

According to defendant, the Legislature must have intended a restrictive meaning of "10 years of age or younger" in section 288.7 because to conclude the statute protects children up until their 11th birthday would necessarily lead to an illogical result for statutes that impose penalties on persons "over the age of 21 years." Specifically, defendant reasons that if a child remains 10 years old for the entire year after his or her 10th birthday, then under the same interpretative method, a person remains 21 years old for the entire year after his or her 21st birthday and does not become "over" 21 until he or she reaches the age of 22. Defendant points out that such an interpretation would conflict with the generally understood construction of various penal statutes that impose felony liability on a defendant "over the age of 21 years." (See, e.g., §§ 286, subd. (b)(2) [generally proscribing any person "over the age of 21 years" from participating in an act of

10

sodomy with a person who is under 16 years of age], 288a, subd. (b)(2) [generally proscribing any person "over the age of 21 years" from participating in an act of oral copulation with a person who is under 16 years of age], 289, subd. (i) [generally proscribing any person "over the age of 21 years" from participating in an act of sexual penetration with a person who is under 16 years of age]; CALCRIM Nos. 1081, 1091, 1101 [corresponding instructions for these offenses stating that defendant must be "at least 21 years old" at the time of the offense].)

We disagree that construing "10 years of age or younger" to mean "under 11 years of age" would require "over the age of 21 years" to be construed as meaning "at least 22 years old." The statutory phrase "over the age of 21 years" is materially different from the language we are considering here. As defendant acknowledges, it is commonly understood that an individual who has reached his or her 21st birthday is a person "over 21 years of age."[7] Construing the phrase "over 21 years of age" in accordance with *its* usual and common understanding would be the application of the same rule of statutory construction we apply here. The two phrases simply have different usual and ordinary meanings.

D.      *The Rule of Lenity*

Defendant further insists that because there are two plausible interpretations of the statutory language "10 years of age or younger," we must apply the "rule of

_____

**7**      California law treats the day a person becomes 21 years of age as a milestone birthday for a number of purposes (see, e.g., Cal. Const., art. XX, § 22 [prohibiting the sale or furnishing of alcohol to any person "under the age of 21 years"]; Bus. & Prof. Code, § 19921 [prohibiting any person "under 21 years of age" from entering a gaming establishment]; Welf. & Inst. Code, § 1802 [authorizing the Division of Juvenile Facilities to transfer custody of any person "over 21 years of age" to the "Director of Corrections"]) — thereby clearly distinguishing between individuals who have crossed the threshold of their 21st birthday and those who have not.

11

'lenity,' " under which courts resolve doubts as to the meaning of a statute in a criminal defendant's favor. (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 312.) Defendant asserts that failure to apply the rule would constitute judicial "legislating" and would violate his right to fair notice of the scope of section 288.7.

"[W]e have frequently noted, '[the rule of lenity] applies "only if two reasonable interpretations of the statute stand in relative equipoise." [Citation.]' [Citations.]" (*People v. Soria* (2010) 48 Cal.4th 58, 65; accord, *People v. Lee* (2003) 31 Cal.4th 613, 627.) The rule "has no application where, 'as here, a court "can fairly discern a contrary legislative intent." ' " (*Lexin v. Superior Court* (2010) 47 Cal.4th 1050, 1102, fn. 30; see *People v. Avery* (2002) 27 Cal.4th 49, 58.) " '[A] rule of construction . . . is not a straitjacket. Where the Legislature has not set forth in so many words what it intended, the rule of construction should not be followed blindly in complete disregard of factors that may give a clue to the legislative intent.' [Citation.]" (*People v. Jones* (1988) 46 Cal.3d 585, 599.)

Here, defendant's proposed construction of the statutory language is improbable and would impede the protective function of the Act. It is, therefore, not in relative equipoise with the application of a commonsense understanding of the language, which understanding is consistent with and promotes the Legislature's protective purpose.**8** "[I]f a statute is amenable to two alternative

---

**8** We do not suggest that, as a general matter, a protective purpose for a penal statute is sufficient in itself to warrant finding the rule of lenity inapplicable. For what penal statute could not be found to have a protective purpose? Rather, it is the extraordinary unlikelihood that the Legislature intended to protect in section 288.7 children who reach their 10th birthday for only the day of their birthday that leads us to conclude defendant's proposed construction of section 288.7 is not in relative equipoise with an ordinary and commonsense interpretation of the

*(Footnote continued on next page.)*

12

interpretations, the one that leads to the more reasonable result will be followed[.]" (*People v. Shabazz* (2006) 38 Cal.4th 55, 68.)

We reject defendant's assertion that a failure to apply the rule of lenity here would amount to judicial "legislating." As we have explained before, courts have "the constitutional duty and function of ascertaining legislative intent and construing statutes in accordance therewith. By necessity, this function becomes significant only when a statute is unclear in some respect. It would be inappropriate to automatically conclude that, because a statute is ambiguous in some respect, we are not to attempt to construe its meaning and effect. Such overbroad reliance upon one principle of statutory construction would constitute an abdication of our responsibility as the final arbiter of the meaning of legislative enactments." (*People v. Jones, supra,* 46 Cal.3d at pp. 599-600.)

We likewise reject defendant's assertion that interpreting the phrase "10 years of age or younger" in section 288.7 to mean "under 11 years of age" would fail to give fair warning to defendants regarding the scope of the statute. (See, e.g., *People v. Smith* (2004) 32 Cal.4th 792, 797-801 [sex offender registration statute failed to prove clear notice that the registrant had a duty to see that change of address notification was actually received by the police, and therefore could not be construed to impose such an obligation].) The language of section 288.7 has an ordinary and usual meaning, which clearly communicates to potential defendants the risk of an indeterminate life sentence for engaging in sexual conduct with a child under the age of 11 years. We cannot credit that anyone would reasonably believe sexual conduct with a 10-year-old victim would violate section 288.7 up to

---

*(Footnote continued from previous page.)*

statutory language. Provisions of the Penal Code must be construed "according to the fair import of their terms." (§ 4.)

13

and only on the exact day of the victim's 10th birthday.  Like the Court of Appeal's dissenting justice, "we have absolutely no doubt that when defendant committed the heinous crime on Jane Doe I, he knew that she was '10 years of age.'  What else could he have thought?  She had not reached her eleventh birthday."

E.      *The Law of Other States*

We recognize that a split of authority has developed among courts of other states that have grappled with the statutory meaning of the phrase "X years of age or younger."  A number of courts have construed such language or similar language in accordance with the common understanding we have adopted here — as including children who have reached the specified birthday but have not yet reached their next birthday.  (See, e.g., *State v. Demby* (Del. 1996) 672 A.2d 59, 60 [" '14 years of age or younger' " includes children until they reach their 15th birthday]; *State v. Shabazz* (N.J. Super.Ct.App.Div. 1993) 622 A.2d 914, 915 [" '17 years of age or younger' " includes children until they reach 18th birthday]; *State v. Joshua* (Ark. 1991) 818 S.W.2d 249, 251 [" 'twelve years of age or younger' " includes children until they reach 13th birthday], overruled on other grounds in *Kelly v. Kelly* (Ark. 1992) 835 S.W.2d 869; *State ex rel. Juvenile Dept. of Columbia County v. White* (Or. 1986) 730 P.2d 1279, 1280 [" '17 years of age or younger' " includes children until they reach 18th birthday]; *State v. Carlson* (Neb. 1986) 394 N.W.2d 669, 674 [" 'fourteen years of age or younger' " means persons who "have not reached their 15th birthday"]; *State v. Hansen* (Fla.Dist.Ct.App. 1981) 404 So.2d 199, 200 [" '11 years of age or younger' " includes victims until they reach 12 years of age]; *Phillips v. State* (Tex.Crim.App. 1979) 588 S.W.2d 378, 380 [" '14 years of age or younger' " means persons who have not reached their 15th birthday]; see also *State v. Munoz* (Ariz.Ct.App. 2010) 228 P.3d 138, 139 [" 'fifteen years of age or under' " includes children until they

14

reach their 16th birthday]; *State v. Christensen* (Utah 2001) 20 P.3d 329, 330 [" 'not older than 17' " includes persons until they attain 18th birthday]; *State ex rel. Morgan v. Trent* (W.Va. 1995) 465 S.E.2d 257, 264-265 [" 'eleven years old or less' " includes children until they reach their 12th birthday].)

Other courts have restricted the meaning of language similar to "X years of age or younger" to children who have not passed the specified birthday. (See, e.g., *State v. Jordan* (R.I. 1987) 528 A.2d 731, 733, 734 [court constrained to find " 'thirteen (13) years of age or under' " includes "only those victims who had reached the day prior to their thirteenth birthday or were under that age" in order to harmonize statutes describing separate degrees of sexual assault]; *State v. McGaha* (N.C. 1982) 295 S.E.2d 449, 450 [" 'the age of 12 years or less' " excludes a child who has passed his or her 12th birthday]; *State v. Maxson* (Ohio 1978) 375 N.E.2d 781, 782 ["not 'over fifteen years of age' " means an individual who has not passed his or her 15th birthday]; *Knott v. Rawlings* (Iowa 1959) 96 N.W.2d 900, 901-902 [" 'a child of the age of sixteen years, or under' " excludes a child who has passed his or her 16th birthday]; *People v. O'Neill* (N.Y.Sup.Ct. 1945) 53 N.Y.S.2d 945, 946-947 [" 'a child of the age of ten years or under' " does not include a child who has passed his or her 10th birthday given parallel statute covering " 'a child of the age of ten years and over' "]; *Gibson v. People* (Colo. 1908) 99 P. 333, 334-335 [" 'sixteen (16) years of age or under' " excludes a child who has passed his or her 16th birthday].)

Of this latter category of cases, the decisions by the courts in Rhode Island and New York arose in the context of a particular state statutory scheme that is not analogous to section 288.7. (*State v. Jordan, supra,* 528 A.2d at pp. 733-734 & appen. A; *People v. O'Neill, supra,* 53 N.Y.S.2d at pp. 946-947.) And interestingly, New York subsequently amended its statutory scheme specifically to change the judicial construction given to the statutory language. (N.Y. Penal Law,

15

§ 130.65; see *People ex rel. Makin v. Wilkins* (N.Y.App.Div. 1965) 257 N.Y.S.2d 288, 291-294.) Rhode Island also subsequently amended its statute to extend coverage from a person "thirteen (13) years of age or under" to a person "fourteen (14) years of age or under." (R.I. Gen. Laws § 11-37-8.1, as amended 1988 R.I. Pub. Laws, ch. 219, § 1.)

Indeed, in all of the other states in which the courts judicially construed the statutory age language restrictively, the respective state legislatures subsequently amended the statutes. Virtually all of the amendments expanded the class of protected children covered. (N.C. Gen. Stat. § 14-27.4(a)(1) [amended to expand coverage to "a child under the age of 13 years"]; Ohio Rev. Code Ann. § 2907.04 [amended to expand coverage to a person "less than sixteen years of age"]; Iowa Code § 725.2 (1958) [repealed and reenacted as Iowa Code § 709.8, "child" as used in § 709.8 now defined by Iowa Code § 702.5 as "any person under the age of fourteen years"]; 1903 Colo. Sess. Laws 198, ch. 94 [repealed and reenacted as Colo. Rev. Stat. § 18-6-701, definition of child expanded to any person under the age of 18 years (see *Gorman v. People* (Colo. 2000) 19 P.3d 662, 666)].)

In contrast, in the states in which the statutory phrase "X years of age or younger" has been judicially construed to include children who have reached the specified birthday but have not yet reached their next birthday, the state legislatures, with one exception, have either left the statute untouched or have amended it to adopt the judicial construction by changing the language of the statute to "less than" or "younger than" X+1 years of age. (Del. Code Ann. tit. 11, § 4209, subd. (e)(1)s [statute still reads "14 years of age or younger"]; N.J. Stat. Ann. § 2C:35-6 [statute still reads "17 years of age or younger"]; Ark. Code Ann. § 5-13-202, subd. (a)(4)(C) [statute still reads "twelve (12) years of age or younger"]; Or. Rev. Stat. § 809.260 [statute still reads "17 years of age or younger"]; Neb. Rev. Stat. § 28-320.1, subd. (1) [statute still reads "fourteen years

16

of age or younger"]; Fla. Stat. Ann. § 794.011, subd. (2)(b) [statute amended in 1984 to read "a person less than 12 years of age"]; Tex. Pen. Code Ann. § 22.04, subd. (c)(1) [statute still protects children "14 years of age or younger"]; W. Va. Code § 61-8B-3, subd. (a)(2) [statute amended in 2006 to read "younger than twelve years old"]; see also Utah Code Ann. § 76-5-406, subd. (11) [statute amended in 2000 to read "younger than 18 years of age"]; but see Ariz. Rev. Stat. § 13-1204, subd. A.6. ["fifteen years of age or under" as amended 2011 Ariz. Sess. Laws, ch. 90, § 6, to read "under fifteen years of age"].)

It appears then, from this review of the law of other states, that legislatures around the country generally intend the statutory phrase "X years of age or younger" to refer to individuals who have not yet reached their next birthday, in accordance with the ordinary and usual meaning of "age." Where the phrase has been judicially construed otherwise, lawmakers often have stepped in to clarify their intent.

But even to the extent there remains a split of authority, this does not require us to adopt defendant's proposed narrow construction of section 288.7. California's rule of lenity "does not automatically grant a defendant 'the benefit of the most restrictive interpretation given any statute by any court' when there is a split of authority." (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1023.) We are persuaded here that our Legislature intended "10 years of age or younger" as used in section 288.7 to be another means of saying "under 11 years of age" in accordance with the ordinary understanding of "age."

17

## III.

### DISPOSITION

The judgment of the Court of Appeal is reversed to the extent it concluded defendant was improperly convicted of violating section 288.7, subdivision (b) with respect to Jane Doe 1.

**CANTIL-SAKAUYE, C. J.**

**WE CONCUR:**

KENNARD, J.
BAXTER, J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Cornett

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 190 Cal. App.4th 845
**Rehearing Granted**

_____

**Opinion No.** S189733
**Date Filed:** April 30, 2012

_____

**Court:** Superior
**County:** Sonoma
**Judge:** René A. Chouteau

_____

**Counsel:**

Ozro William Childs, under appointment by the Supreme Court, for Defendant and Appellant.

Gary Windom, Public Defender (Riverside) and Joseph J. Martinez, Deputy Public Defender, for the Riverside County Office of the Public Defender as Amicus Curiae on behalf of Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Moona Nandi, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Ozro William Childs
1622 Fourth Street
Santa Rosa, CA  95404
(707) 527-9911

Joseph J. Martinez
Deputy Public Defender
4200 Orange Street
Riverside, CA  92501
(951) 955-4383

Moona Nandi
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-5962