# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46967-7-II |
| Respondent, | |
| v. | |
| BRIAN WALLACE BUCKMAN, | PUBLISHED OPINION |
| Appellant. | |

JOHANSON, P.J.  —  Brian Buckman pleaded guilty to one count of second degree child rape.  He appeals the trial court's ruling denying his motion to withdraw his guilty plea and, in the alternative, he appeals his sentence.  We hold that the trial court properly denied Buckman's motion to withdraw his guilty plea because Buckman was correctly informed about the consequences of his plea.  But we hold that the trial court imposed an improper sentence because Buckman was under 18 years old at the time of the offense and RCW 9.94A.507(2) excludes him from indeterminate sentencing.  We affirm the trial court's order denying Buckman's motion to withdraw his plea, reverse Buckman's indeterminate sentence, and remand for resentencing.

No. 46967-7-II

FACTS

K.B.S.[1] was 13 years old and Buckman was 17 years and 7 months old when they had sexual intercourse. On November 1, 2011, when Buckman was 18, the State charged Buckman as an adult with second degree child rape.[2] He pleaded guilty. During the plea hearing, the trial court engaged in a colloquy with Buckman to establish whether he understood the consequences of his guilty plea and whether he entered the plea voluntarily.

Included in the discussion was this exchange:

> THE COURT: Do you understand that the maximum penalty here is life in prison and a $50,000 fine?
> [BUCKMAN]: Yes.
> THE COURT: Do you understand that the standard range is 86 to 114 months in prison?
> [BUCKMAN]: Yes.
> . . . .
> THE COURT: Understanding all those things, do you still want to plead guilty today?
> [BUCKMAN]: Yes.
> . . . .
> THE COURT: Are you making that plea freely and voluntarily?
> [BUCKMAN]: Yes.

Report of Proceedings (RP) (Jan. 26, 2012) at 3-4.

---

[1] *See* Division Two General Order 2011-1 ("this Court shall use initials or pseudonyms in place of the names of all witnesses known to have been under the age of 18 at the time of any event in the case").

[2] RCW 9A.44.076 provides,
> (1) A person is guilty of rape of a child in the second degree when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

The guilty plea form that Buckman signed set forth the standard range for his offense and the maximum penalty. It also specified that indeterminate sentencing under RCW 9.94A.507 applied if he were convicted of second degree rape of a child committed when he was at least 18 years old. The trial court accepted Buckman's guilty plea.

The trial court imposed a special sex offender sentencing alternative (SSOSA), RCW 9.94A.670, with numerous conditions. Later, in August 2012, the trial court revoked Buckman's SSOSA based on condition violations and sentenced him to an indeterminate sentence of 86 to 114 months minimum to life maximum under RCW 9.94A.507.

In 2014, Buckman filed a motion to withdraw his guilty plea arguing that the trial court had sentenced him to an unlawful indefinite term. The trial court disagreed that RCW 9.94A.507(2) precluded Buckman from being sentenced to an indeterminate sentence because, in its view, Buckman was beyond his 17th birthday at the time of the offense and, therefore, he was not "17 years of age or younger."[3] RP (Oct. 31, 2014) at 8. Specifically, RCW 9.94A.507(2) provides,

> An offender convicted of rape of a child in the first or second degree or child molestation in the first degree who was *seventeen years of age or younger* at the time of the offense shall not be sentenced under this section.

(Emphasis added.)

The trial court was not persuaded that Buckman had been misinformed of the sentencing consequences of his plea, and it denied Buckman's motion to withdraw his guilty plea. Buckman appeals.

---

[3] RCW 9.94A.507(2) provides that indeterminate sentencing does not apply if the offender is "seventeen years of age or younger at the time of the offense."

## ANALYSIS

### I. WITHDRAWAL OF GUILTY PLEA

Buckman argues that the trial court erred in denying his motion to withdraw his guilty plea. Specifically, Buckman argues that because RCW 9.94A.507(2) exempts him from indeterminate sentencing due to his status as a juvenile at the time of the offense, his plea was rendered involuntary because the trial court misinformed him regarding his maximum punishment of life in prison. Because the trial court properly advised Buckman of the maximum sentence at the plea colloquy, we disagree.

We review a trial court's decision to grant or deny a motion to withdraw a guilty plea for an abuse of discretion. *State v. Forest*, 125 Wn. App. 702, 706, 105 P.3d 1045 (2005). A trial court abuses its discretion when it bases its decision on untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

A defendant may withdraw a guilty plea under CrR 4.2(f) "whenever it appears that the withdrawal is necessary to correct a manifest injustice."[4] Due process requires an affirmative showing that a defendant entered a guilty plea intelligently and voluntarily. *State v. Knotek*, 136 Wn. App. 412, 423, 149 P.3d 676 (2006). "The State bears the burden of proving the validity of a guilty plea," including the defendant's "[k]nowledge of the direct consequences" of the plea, which the State may prove from the record or by clear and convincing extrinsic evidence. *State v. Ross*, 129 Wn.2d 279, 287, 916 P.2d 405 (1996). The length of a sentence is a direct consequence

---

[4] We note that neither party acknowledged that Buckman's motion to withdraw his guilty plea should have been governed by CrR 7.8 rather than CrR 4.2(f) because it was a post-sentencing motion. Consequently, in all likelihood, Buckman's motion should have been transferred to us for consideration as a personal restraint petition. Any error in that regard is inconsequential, however, because we hold that Buckman was not misadvised as to the consequences of his guilty plea.

of a guilty plea and, therefore, misinformation about the length of a sentence renders a plea involuntary, even where the correct sentence may be less than the erroneous sentence included in the plea. *State v. Mendoza*, 157 Wn.2d 582, 591, 141 P.3d 49 (2006).

Here, during the plea colloquy, the trial court informed Buckman that the maximum penalty for his crime was life in prison and that his standard range was 86 to 114 months. The trial court warned Buckman that if the court declined to grant SSOSA, the court would have to sentence Buckman "somewhere within the standard range of 86 to 114 months in prison." RP (Jan. 26, 2012) at 5. The trial court did not inform Buckman that he could be subject to an indeterminate sentence.

The plea form, in a boilerplate provision, provided that RCW 9.94A.507 applied if the crime is one among several listed, including second degree rape of a child committed when the offender was at least 18 years old. As discussed below, this was a correct interpretation of RCW 9.94A.507(2).

Before accepting a plea, a trial court must inform a defendant of both the applicable standard sentencing range and the maximum sentence set by the legislature for the charged crime. *State v. Kennar*, 135 Wn. App. 68, 75, 143 P.3d 326 (2006). Here, there is no dispute that the applicable standard sentencing range was 86 to 114 months and that the maximum sentence for the crime of second degree child rape, a class A felony, is life in prison. RCW 9.94A.510; RCW 9A.44.076(2) (second degree rape of a child is a class A felony); RCW 9A.20.021(1)(a) (maximum sentence for a class A felony is life in prison). Thus, Buckman was correctly informed at the *plea hearing* of the consequences of his plea. We hold that the trial court did not abuse its discretion in denying Buckman's motion to withdraw his guilty plea.

II. APPLICATION OF RCW 9.94A.507(2) AT SENTENCING

Crucial to this appeal is the interpretation and application of RCW 9.94A.507(2). The parties disagree as to the meaning of the phrase "seventeen years of age or younger" contained in the same provision. Buckman contends that the statute's plain language means that indeterminate sentencing does not apply to Buckman because he was 17 years and 7 months old, but not yet 18, at the time of the offense. The State argues that indeterminate sentencing applies to Buckman because the legislature intended to exclude from indeterminate sentencing only offenders up to and including their 17th birthday but no further. We agree with Buckman.

In construing a statute, our objective is to determine the legislature's intent. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). "'[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" *Jacobs*, 154 Wn.2d at 600 (alteration in original) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). We discern the "plain meaning" of a statutory provision from the ordinary meaning of the language and from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. *Jacobs*, 154 Wn.2d at 600. If a statute is susceptible to more than one reasonable interpretation, it is ambiguous and we may resort to legislative history for guidance in discerning legislative intent. *State v. Larson*, 185 Wn. App. 903, 909, 344 P.3d 244 (2015), *rev'd on other grounds*, 184 Wn.2d 843, 365 P.3d 740 (2015).

RCW 9.94A.507 governs the sentences of certain sex offenders. Offenders subject to RCW 9.94A.507 are sentenced to indeterminate sentences within the mandatory minimum sentence and the statutory maximum sentence for the crime. RCW 9.94A.507(3)(a)-(b). But the statute does

not apply to all sex crime offenders. RCW 9.94A.507(2) categorically exempts certain offenders who have committed specific crimes. It provides,

> An offender convicted of rape of a child in the first or second degree or child molestation in the first degree who was *seventeen years of age or younger* at the time of the offense shall not be sentenced under this section.

RCW 9.94A.507(2) (emphasis added).

Accordingly, offenders *17 years of age or younger* and who have committed one of the three specified crimes are not subject to the indeterminate sentencing scheme. Buckman committed the offense of second degree rape of a child when he was 17 years and 7 months old. Therefore, RCW 9.94A.507(2) would apply to Buckman if the phrase "seventeen years of age or younger" includes a person who is beyond their 17th birthday but not yet 18 at the time of the offense. No Washington case has construed the meaning of this phrase and neither party cites to any authority interpreting similar language.

Under the plain and ordinary meaning of the language, however, it is difficult to imagine that the legislature intended the provision to apply to a 17-year-old on the day of his or her birthday, but not for the remaining 364 days of the ensuing year. In common vernacular, ages are stated in yearly intervals. Even though a person 17 years and 1 day old is technically "older than 17," they refer to themselves as "17" until their 18th birthday. *Black's Law Dictionary* recognizes this usual understanding of "age," noting that "[i]n American usage, age is stated in full years completed (so that someone *15 years of age* might actually be 15 years and several months old)." BLACK'S LAW DICTIONARY 73 (10th ed. 2014). Therefore, we hold that the plain language of the statute supports the interpretation that the phrase "seventeen years of age or younger" in RCW 9.94A.507(2) means the statute does not apply to a person who commits a qualifying crime before his 18th birthday.

However, even if this statute could be considered ambiguous, similar language has been construed by courts throughout the country. Although there is some support for the State's interpretation, the prevailing view is that language in the form of "X years of age or younger" includes persons at any point during the specified year until their next birthday. *See State ex rel. Juvenile Dep't of Columbia County v. White*, 83 Or. App. 225, 227-28, 730 P.2d 1279 (1986) ("17 years of age or younger" includes juvenile until 18th birthday); *State v. Shabazz*, 263 N.J. Super. 246, 252, 622 A.2d 914 (1993) (17 years or younger synonymous with "under 18"); *State v. Munoz*, 224 Ariz. 146, 147, 228 P.3d 138 (2010) ("'fifteen years of age or under'" includes children until they reach their 16th birthday (quoting ARIZ. REV. STAT. § 13-1204(A)(6) (Supp. 2009))); *State v. Christensen*, 2001 UT 14, ¶ 3, 20 P.3d 329 ("'not older than 17'" includes persons until they attain 18th birthday (quoting UTAH CODE ANN. § 76-1-106 (Supp. 1998))).

For instance, the California Supreme Court held that "10 years of age or younger" included children who had reached their 10th birthday but who had not yet reached their 11th birthday. *People v. Cornett*, 53 Cal. 4th 1261, 1263-64, 274 P.3d 456, 139 Cal. Rptr. 3d 837 (2012) (quoting CAL. PENAL CODE § 288.7 (2006). In reaching its decision, the *Cornett* court acknowledged that several other States agreed with its interpretation and, although it recognized that there was some support for the alternative construction, it found that virtually all of the States whose courts had so ruled had later amended their statutes in accordance with its interpretation. 53 Cal. 4th at 1273-74.

Legislative history also supports Buckman's view. In the Substitute Senate Final Bill Report discussing the legislation that enacted RCW 9.94A.507(2)'s predecessor (with identical language), the background of the indeterminate sentencing scheme is discussed. FINAL S.B. REP.

ON THIRD ENGROSSED SUBSTITUTE S.B. 6151, at 4-5, 57th Leg., 2nd Spec. Sess. (Wash. 2001). The bill summary states that "[p]ersons convicted of rape of a child in the first or second degree or child molestation in the first degree who were *under 18* at the time of the crime are subject to a determinate sentence." *Id*., at 4. This passage evinces the legislature's intent to exempt minors from the harsh reality of a long mandatory minimum sentence and thus it appears that the legislature intended "seventeen years of age or younger" to include those who were beyond their 17th birthday but not yet 18.

We hold that RCW 9.94A.507(2) exempts minors under the age of 18, or 17 years of age or younger, from indeterminate sentencing under RCW 9.94A.507. Therefore, it was error for the trial court to sentence Buckman to an indeterminate sentence under RCW 9.94A.507(2).

### III. STATEMENT OF ADDITIONAL GROUNDS (SAG)

Buckman raises three issues in his SAG. First, Buckman contends that his sentence was not authorized by law and that his judgment and sentence is facially invalid because he cannot be subject to an indeterminate sentence. Second, Buckman argues that his guilty plea was not voluntary and knowing because he was misinformed as to the direct consequences of his guilty plea. Third, Buckman argues that mitigating factors exist to justify an exceptional sentence downward.

We need not address Buckman's first and second assertions further because we discuss and resolve them above. We also need not address his third argument because we reverse his sentence and Buckman will be resentenced on remand.

No. 46967-7-II

We affirm his conviction, reverse his sentence, and remand for resentencing.

JOHANSON, P.J.

We concur:

LEE, J.

SUTTON, J.

10