IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35347-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DUSTIN J. LAND, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Dustin Land pleaded guilty to possession of a controlled substance and third degree theft. He appeals, arguing the pleas were invalid because he was not accurately advised of the maximum penalty for his controlled substance offense. We find no error and affirm.

FACTS

Dustin Land was charged with possession of a controlled substance, buprenorphine (count 1), and third degree theft (count 2). At arraignment, Mr. Land was informed that count 1 was a class C felony that "*could be punished* by up to five years incarceration, and a fine up to $10,000." Report of Proceedings (Mar. 13, 2017) at 5 (emphasis added). As to count 2, Mr. Land was informed it was a gross misdemeanor that "*could be punished* by up to 364 days in jail and a fine of up to $5,000." *Id*. (emphasis added). Mr. Land pleaded not guilty to both charges.

No. 35347-8-III
*State v. Land*

Mr. Land subsequently changed his pleas to guilty, pursuant to a plea agreement. His statement on plea of guilty includes the following disclosure with regard to the standard sentencing range, and maximum sentence and fine, for each count based on an offender score of 0.

Figure 1[1]

| Count No. | Offender Score | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancements | COMMUNITY CUSTODY | MAXIMUM TERM AND FINE |
|---|---|---|---|---|---|
| 1 | 0 | 0 – 6 Months | N/A | 12 Months | 5 Years/$10,000 |
| 2 | N/A | 0 – 364 Days | N/A | 24 Mos. Prob. | 364 Days |

The trial court accepted Mr. Land's guilty pleas and sentenced him to 57 days on count 1 and 364 days suspended on count 2. This sentence was consistent with the terms of the plea agreement. Mr. Land now appeals.

ANALYSIS

Mr. Land challenges the validity of his guilty pleas, arguing he was misadvised of the maximum possible punishment he faced for his controlled substance offense. This is a constitutional claim that can be raised for the first time on appeal. *State v. Walsh*, 143 Wn.2d 1, 6-8, 17 P.3d 591 (2001).

Contrary to his assertions, Mr. Land was not misadvised about the consequences of his pleas. Mr. Land's guilty plea statement accurately recited the statutory maximum

---

[1] *See* Clerk's Papers at 11.

2

terms of incarceration for each of his two offenses. While the Supreme Court's decision

in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)

protected Mr. Land from actually receiving the maximum penalty for his felony offense

(count 1), the trial court was still obliged to advise Mr. Land of the applicable statutory

maximum penalty. *State v. Buckman*, 195 Wn. App. 224, 230, 381 P.3d 79 (2016)

("Before accepting a plea, a trial court must inform a defendant of both the applicable

standard sentencing range and the maximum sentence set by the legislature for the

charged crime.").

  *Blakely*'s procedural protections did not change the underlying nature of Mr.

Land's conviction. Regardless of *Blakely*, the controlled substance offense is properly

characterized as a class C felony, punishable by up to five years' imprisonment. *See State

v. Knotek*, 136 Wn. App. 412, 425, 149 P.3d 676 (2006); *United States v. Murillo*, 422

F.3d 1152, 1154 (9th Cir. 2005). This characterization is important for purposes of

potential collateral consequences. *See Murillo*, 422 F.3d at 1154 (federal firearms

disenfranchisement is set by statutory maximum penalty, not Washington's standard

range sentence); s*ee also United States v. Rodriguez*, 553 U.S. 377, 390-93, 128 S. Ct.

1783, 170 L. Ed. 2d 719 (2008) (federal recidivism enhancements set by statutory

maximum penalty of predicate offense, not maximum penalty of Washington's standard

range). Mr. Land was entitled to notice of the serious nature of his offense prior to

No. 35347-8-III
*State v. Land*

entering a plea. The information set forth in the guilty plea statement was therefore fully appropriate.

Mr. Land does not argue that he was ever misled about the consequences of his plea. Mr. Land was assisted by counsel throughout the plea proceedings and he received a sentence consistent with the terms of his plea agreement. No objection was made to Mr. Land's plea procedure during the trial court proceedings. Given these circumstances, we find no constitutional infirmity in the plea process utilized in Mr. Land's case.

## CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____          _____
Siddoway, J.                                        Fearing, J.

4