Filed 8/31/23  P. v. Singh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097142 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE018212) |
| v. | |
| HARPREET SINGH, | |
| Defendant and Appellant. | |

A jury found defendant Harpreet Singh guilty of assault with the intent to commit sexual penetration by force, conspiracy to dissuade a witness, dissuading a witness, and aggravated kidnapping, with on-bail enhancements; defendant admitted a serious felony and strike allegations as well.  (*People v. Singh* (Oct. 28, 2021, C088997) [nonpub. opn.].)  Defendant was sentenced to prison for life plus a determinate term and appealed; we modified the aggravated kidnapping conviction to simple kidnapping and remanded the matter for resentencing.  (*Ibid.*)  At resentencing, the trial court declined defendant's

1

request to strike his strike prior and resentenced defendant to an aggregate term of 16 years in prison.

Defendant appeals a second time arguing recent amendments to Penal Code[1] section 1385, subdivision (c) enacted by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81) apply to prior strike convictions and that the trial court erred by declining to strike his prior strike under the new law. Because we conclude that a prior strike does not constitute an "enhancement" within the plain meaning of Senate Bill 81's amendments to section 1385 (Stats. 2021, ch. 721, § 1), we find the new legislation does not apply to defendant's prior strike conviction. We affirm.

FACTUAL AND PROCEDUREAL BACKGROUND

The facts underlying defendant's convictions are not relevant to the issue on appeal. We recount below the relevant procedural history following issuance of the remittitur in *People v. Singh*, *supra*, C088997.

Prior to the September 2022 resentencing hearing, defense counsel filed a resentencing memorandum requesting a full resentencing on all previous sentencing choices. Counsel also urged the trial court to apply recent legislative changes to the sentencing statutes, including, as relevant here, Senate Bill 81, which added subdivision (c) to section 1385 to provide guidance to the trial courts for when to strike an enhancement. (Stats. 2021, ch. 721, § 1.) Defendant argued that under Senate Bill 81 the trial court should strike his prior strike conviction as an "enhancement" that was older than five years (§ 1385, subd. (c)(2)(H), added by Stats. 2021, ch.721, § 1), or, at a minimum, that the court should dismiss his prior strike in the interest of justice under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

---

[1] Further undesignated statutory references are to the Penal Code.

2

The People objected to striking or dismissing defendant's prior strike conviction, arguing that Senate Bill 81 did not apply to the strike prior because it was an alternative sentencing scheme under the Three Strikes Law and not an enhancement. The People further argued that the trial court should decline to exercise its discretion to dismiss the prior serious felony and on-bail enhancements because doing so would endanger public safety and be contrary to the interests of justice.

At the resentencing hearing, the trial court declined defendant's request to strike his prior strike conviction, finding that Senate Bill 81 did not apply because the strike was not an enhancement, and that defendant was not outside the spirit of the Three Strikes law. The trial court resentenced defendant to an aggregate term of 16 years in prison, including the middle term of five years for simple kidnapping, doubled to 10 years for the strike prior, the low term of two years for assault with the intent to commit sexual penetration by force, doubled to four years for the strike prior, and two years for the on-bail enhancement attached to the kidnapping count. The trial court struck the five year prior serious felony enhancement and imposed and stayed under section 654 doubled midterm sentences for conspiracy to dissuade a witness and dissuading a witness. Defendant timely appealed.

## DISCUSSION

Defendant contends Senate Bill 81's amendments to section 1385 apply to prior strike convictions and that the legislative history supports this interpretation. To the extent it is unclear whether the Legislature intended that a prior strike qualify as an enhancement within the meaning of added section 1385, subdivision (c), defendant argues the rule of lenity compels such a conclusion. And because the trial court was unaware of its discretion to strike the prior strike conviction under Senate Bill 81, defendant asserts remand for resentencing is required.

The People contend the plain language of the statute unambiguously applies only to *enhancements*, and the Three Strikes law is not an enhancement. We review this

3

statutory interpretation question de novo (*People v. Burke* (2023) 89 Cal.App.5th 237, 242 and conclude that the People's interpretation is more persuasive.

We recently reviewed the statutory language of amended section 1385 and concluded in *Burke* that the statute's plain language was clear and unambiguous and applied only to an "enhancement," which did not include the Three Strikes law. (*People v. Burke*, *supra*, 89 Cal.App.5th at pp. 243-244.) We reasoned as follows: Section 1385, subdivision (c) "expressly applies to the dismissal of an 'enhancement' " (§ 1385, subd. (c)(1)), and that term "has a well-established technical meaning in California law" of which the Legislature was presumed to be aware (*Burke*, at p. 243). Because it is well settled that " '[a] sentence enhancement is "an additional term of imprisonment added to the base term" ' " and "the Three Strikes law is not an enhancement[ but rather] an alternative sentencing scheme for the current offense" (*ibid.*), the plain language the Legislature employed in adding subdivision (c) to section 1385 does not apply to a prior strike conviction under the Three Strikes law.

We see no reason to depart from *Burke*. The fact that *Burke* involved a *Wende*[2] appeal or that the parties filed supplemental briefs on the present issue at the court's request is of no moment. Like in *Burke*, we need not resort to the legislative history cited by defendant given the statute's plain and unambiguous language. (See *Burke*, *supra*, 89 Cal.App.5th at p. 243 & fn. 3.) Nor does the rule of lenity apply. (*People v. Cornett* (2012) 53 Cal.4th 1261, 1271 [" ' "[the rule of lenity] applies 'only if two reasonable interpretations of the statute stand in relative equipoise' " ' "].)

---

**2**      *People v. Wende* (1979) 25 Cal.3d 436.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
MAURO, J.

/s/
BOULWARE EURIE, J.