Filed 12/10/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ESTUARDO ARDON,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>    Defendant and Appellant. | 2d Civil No. B252476<br>(Super. Ct. No. BC363959)<br>(Los Angeles County) |

The City of Los Angeles (City) appeals the trial court's order denying its motion to compel Estuardo Ardon to return privileged documents it turned over to his counsel pursuant to a Public Records Act (PRA) request and to disqualify his counsel. Ardon contends that by producing the documents, the City waived statutory privileges that would have permitted it to refuse the request. He also contends that refusing to accede to the City's demands is not a basis for disqualification. We affirm.

BACKGROUND AND PROCEDURAL HISTORY

Judge Edmon's ruling denying the City's motions includes the following summary of the nature of this class action: "Ardon [claims] that [the] City of Los Angeles improperly collected a Telephone Users Tax ('TUT'). According to [Ardon,] the City's TUT excluded from taxation all services not subject to taxation under a similar Federal Excise Tax ('FET'). In 2006, after several federal courts had held that the FET only applied to [charges for] long distance service [that were based upon both the]

duration . . . and the distance of the call, the IRS ceased collecting the excise tax on long distance calls [that were] billed only [on] the duration of the call. [Ardon] contend[s] that the TUT was tied to the scope of the federal tax and that the City did not have legal authority to collect taxes on long distance telephone service charged solely by the minute[.] In 2007, the City [amended] the TUT eliminating [the ties] in the TUT to the FET. Ardon contends that the 2007 amendment was illegal because it [expanded] an excise tax that required approval by a majority of voters."

The dispute that produced this appeal arises from a PRA request by Ardon's counsel in January 2013 for documents pertaining to the subject matter of the complaint. The Office of the City Administrator responded to the request, stating that the City had identified "approximately 53 documents that pertained to the request" and said the City would provide those documents at a cost of $6.95. Ardon's counsel paid the fee and received the documents from the City in February 2013.

Judge Edmon's ruling notes that "In a letter dated April 3, 2013, [Ardon's counsel] informed the City that [she] had obtained through her [PRA] request copies of two documents that appeared to be listed in [a] 2008 privilege log. [Ardon's counsel] further informed the City that she had obtained a third document that appeared to have been prepared in response to two other documents listed in the privilege log and which disclosed the contents of those two other documents. The City responded by asserting that the documents had been inadvertently produced in response to the [PRA] request and demanded that [Ardon's] counsel return the documents to the City and agree not to rely upon those documents in any way. [Ardon's] counsel declined to do so, contending that the City had waived any claim of privilege."

The City moved to compel the return of the three documents claimed to be privileged and to disqualify Ardon's counsel. Following supplemental briefing and a hearing, the trial court denied the City's motion concluding that the City's production of the documents in response to Ardon's counsel's PRA request waived any privilege that previously attached to the records whether or not the document production was the product of mistake, inadvertence or excusable neglect.

2

DISCUSSION

Government Code section 6254.5[1] provides that "whenever a state or local agency discloses a public record which is otherwise exempt from this chapter, to any member of the public, this disclosure shall constitute a waiver of the exemptions specified in [s]ections 6254, 6254.7, or other similar provisions of law."  Section 6254, subdivision (k) is such an exemption.  It provides that records need not be disclosed if they are the subject of a privilege created by the Evidence Code.  Thus, unless some other provision of law saves it, the act of publically disclosing a document subject to a statutory privilege waives the privilege and makes the document a public record accessible to anyone.

The City contends that exceptions not found in the PRA must be judicially attached to section 6254.5; viz., 1) that statutory privileges are not waived if a protected document is "inadvertently disclosed;" and 2) that it must appear the clerk who produces the document was specifically authorized by the holder of the privilege to waive it.  We disagree.

*Standard of Review*

The proper interpretation of section 6254.5 is a question of law, which we conduct de novo.  (*Stone v. Davis* (2007) 148 Cal.App.4th 595, 600; *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.).)  "'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] 'We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent.' [Citations.]  The plain meaning controls if there is no ambiguity in the statutory language. [Citation.]  If, however, 'the statutory language may reasonably be given more than one interpretation, ""courts may consider various extrinsic aids,

---

[1] All statutory references are to the Government Code unless stated otherwise.

including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute."'"' [Citation.]" (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.)

*Inadvertent Disclosure*

The City contends PRA requests are akin to discovery requests in litigated disputes. It argues that an "inadvertent production" of privileged material should be treated similarly in both forums. The City claims that if documents or things can be recalled by the party producing them in a litigated dispute, then a governmental agency must be permitted to erase the statutory waiver of the privilege found in section 6254.5 and claw back documents passed along "inadvertently."

The City's position finds no support in the statute or the legislative history that surrounds the enactment of the PRA. As Judge Edmon accurately observed, "disclosure of documents under the [PRA] is not the same as disclosure in the course of litigation discovery. While litigants are free to obtain evidence through the mechanisms set up by the [PRA], (*County of Los Angeles v. Superior Court* (2000) 82 Cal.App.4th 819, 826), the [PRA] was not enacted to supplement the Civil Discovery Act and its broad provisions are not limited to litigants or attorneys. Rather, the Act itself sets forth its purpose: 'In enacting this chapter, the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state.' (Gov. Code, § 6250.)"

Judge Edmon explained, "Unlike litigation discovery, where inadvertent disclosure is expressly protected from waiver by statute (see Evid. Code, § 912; Code Civ. Proc., § 2031.285), any privileged document disclosed pursuant to the [PRA] is waived as to the world '[n]otwithstanding any other provisions of the law[.]' (Gov. Code, § 6254.5.)" Nothing in the PRA gives the entity producing it either the right to recover it or a mechanism to seek its return. And as noted, because the documents were disclosed to Ms. Rickert, the City is precluded from denying disclosure to anyone who asks.

In distinguishing civil litigation discovery from PRA disclosures, Judge

4

Edmond stated, "[C]ivil discovery is subject to the supervision of the Court. A party who inadvertently produces a privileged document in discovery may have a statutory right to have the privileged document returned and may invoke the process of the Court to invoke that right. (See, e.g., Code Civ. Proc., § 2031.285.) And even when there is no[] direct statutory provision for the return of a privileged document, a party who inadvertently produced a privileged document in the course of litigation has a clear mechanism for redress – litigation always involves a judge with the power to order the document's return." That is obviously not the case with PRA requests and responses and it is notable that section 6254.5, subdivision (b), explicitly states that a privilege is not waived if disclosure is compelled by legal process or proceedings.

Judge Edmon noted that the City agreed that the statutory waiver in section 6254.5 might be a problem if, *after* making a PRA disclosure of the documents to counsel Rickert, it asserted its right to withhold privileged documents to another person not involved in Ardon's case who makes the same request. Although the City said the trial court "need not address this hypothetical," Judge Edmon disagreed. She stated, "Quite the contrary. The City's hypothetical is crucially important because it illustrates exactly why an 'inadvertent disclosure' exemption cannot be read into the statute. As discussed above (and even suggested by the City's cited legislative history), now that the City has disclosed the documents to one member of the public, it is prohibited as a matter of law from 'selectively withholding' that document from any other member of the public. [H]ow can a public record, available to anyone who requests it as a matter of law, possibly be privileged?"

Judge Edmon relied upon *Masonite Corporation v. County of Mendocino Air Quality Management District* (1996) 42 Cal.App.4th 436 as authority for its ruling. There, Masonite sought to enjoin the district from disclosing certain documents to a third party under the PRA because documents it was required to disclose to the district were trade secrets. Although Health and Safety Code section 44346 permits Masonite to protect its trade secrets, it claimed it had *inadvertently* failed to do so and deserved relief from the waiver. The *Masonite* court agreed with the trial court that "[v]oluntary

5

disclosure of information as a public record, even if mistaken, constitutes a valid waiver of trade secret protection." (*Masonite*, *supra*, at p. 455.)

Judge Edmon acknowledged that in *Masonite*, the party seeking to protect the documents was not the party that disclosed them. She stated, "That distinction is of little import, however, because in this case the party seeking to invoke the privilege is *also* the public agency subject to the [PRA]. If anything, the case for waiver is only stronger[.] Masonite's error was to inadvertently disclose the document to a regulator without the proper designation. To the extent that the City's disclosure can be construed as 'inadvertent,' its inadvertent error was to disclose the documents to a member of the public with no legal restrictions on the manner in which the documents could be used. That disclosure, even if inadvertent, permanently destroyed any semblance of confidentiality by converting those documents into public records subject to disclosure to any member of the public at any time for any reason. Based on the plain language of the statute, any attorney-client or work product privilege that may have once existed was waived at the time of disclosure under the [PRA]." We agree.

Moreover, the relief sought by the City is inconsistent with the legislative history of section 6254.5. The City pointed out that statements by legislators and in a legislative staff report declare the purpose of the waiver was to avoid "selective disclosure." The exception sought by the City would accomplish exactly that; viz., selective disclosure of the allegedly privileged documents to Ms. Rickert but not to others.

As Judge Edmon said, "'In the construction of a statute . . . the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted[.]' (*Manufacturers Life Ins. Company v. Superior Court* (1995) 10 Cal.4th 257, 274.) In cases such as this where a party claims an exclusion from a statute not found in the statute itself, Courts 'must assume that the Legislature knew how to create an exception if it wished to do so[.]' (*City of Ontario v. Superior Court* (1993) 12 Cal.App.4th 894, 902.) Indeed, the Legislature clearly knew how to create an exception to the otherwise

6

absolute waiver provision in section 6254.5: it created nine of them.  (See Gov. Code, § 6254.5, subds. (a)-(i).)  None of those nine exceptions to the absolute waiver provided in section 6254.5 exempts an 'inadvertent disclosure.'  [¶]  Unlike litigation discovery, where inadvertent disclosure is expressly protected from waiver by statute [citation], any privileged document disclosed pursuant to the [PRA] is waived as to the world '[n]otwithstanding any other provisions of the law[.]'  (§ 6254.5.)"

We conclude that section 6254.5 unambiguously expresses the Legislature's intention that everything produced in a response to a PRA request must be accessible to everyone except in the limited circumstances stated in the statute itself.  We hold that disclosures pursuant to the PRA that are made inadvertently, by mistake or through excusable neglect are not exempted from the provisions of section 6254.5 that waive any privilege that would otherwise attach to the production.

### *Disclosures by Clerical Employees of the City Administrators Office*

The City also contends another implied exception should be attached to section 6254; namely, a waiver of statutory privileges only applies if it is shown the "low level employee" producing the document was explicitly authorized by the city council or the city attorney to waive it.  We disagree.  First, it is not our function to rewrite legislation.  Second, such an exception would put it within the power of the public entity to make selective disclosures through "low level employees" and thereby extinguish the provision in the PRA intended to make such disclosures available to everyone.

### *Ardon's Counsel Did Not Violate the Rules of*
### *Professional Ethics by Making a PRA Request*

Judge Edmon concluded that "Ms. Rickert used the [PRA] for exactly the purpose the Legislature intended.  Nothing in [her] request targeted privileged information.  It merely requested generic categories of public records relating to the adoption of a citywide tax ordinance that Ms. Rickert believed to be unlawful.  It is difficult to conceive of a request more squarely within the Legislature's intent in enacting the [PRA]."  We agree.

7

Judge Edmon added, "As the City concedes, Rule 2-lOO(c) expressly permits an attorney to contact a represented public official about the subject matter of the official's representation in order to preserve the attorney's right to petition the government.  Interpreting a nearly identically worded exception to the predecessor rule to Rule 2-100, the State Bar agreed[.]  (State Bar Formal Op. No. 1977-43.) ...  [¶]  Attorney or not, Ms. Rickert had a 'fundamental and necessary' right to petition her government under the [PRA.]  Ms. Rickert's exercise of her statutory and constitutional rights to petition her government regarding a matter of public importance was entirely within the scope of permitted professional conduct, and there is no basis to disqualify her or any members of her law firm under Rule of Professional Conduct 2-100."

DISPOSITION

We affirm the trial court's judgment.  Costs on appeal are awarded to Ardon.

CERTIFIED FOR PUBLICATION.

BURKE, J.[*]

We concur:

GILBERT, P. J.

YEGAN, J.

---

*(Judge of the Superior Court of San Luis Obispo County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

8

Lee Smalley Edmon, Judge

Superior Court County of Los Angeles

_____

Colantuono, Highsmith & Whatley, Holly O. Whatley, Amy C. Sparrow, Tiana J. Murillo; Office of the City Attorney, Noreen S. Vincent, Beverly A. Cook for Defendant and Appellant.

Dennis J. Herrera, San Francisco City Attorney, Christine Van Aken, Chief of Appellate Litigation and Warren Metlitzky, Deputy City Attorney for Amicus Curiae The League of California Cities and the California State Association of Counties on behalf of Defendant and Appellant.

Wolf Haldenstein Adler Freeman & Herz, Francis M. Gregorek, Rachele R. Rickert, Marisa C. Livesay; Chimicles & Tikellis, Timothy N. Mathews; Cuneo Gilbert & Laduca, Sandra W. Cuneo; Tostrud Law Group, Jon A. Tostrud for Plaintiff and Respondent.