Filed 12/31/20  P. v. Dayrit CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCIAL S. DAYRIT,<br><br>    Defendant and Appellant. | A159550<br><br>(Solano County<br>Super. Ct. No. FC18855) |

This is an appeal from a postjudgment order denying the petition of defendant Marcial S. Dayrit for resentencing pursuant to Penal Code section 1170.95 (petition).[1]  Defendant contends, and the People concede, that the trial court misapplied section 1170.95, subdivision (c) when it denied defendant's petition for failure to state a prima facie case for relief without issuing an order to show cause or scheduling an evidentiary hearing.

Section 1170.95, effective January 1, 2019, establishes a procedure by which a person convicted of murder under now invalidated theories of accomplice liability may seek to have his or her murder conviction vacated and to be resentenced on any remaining count.  (See Sen. Bill No. 1437 (2017–2018 Reg. Sess.) § 4 (SB 1437).)  The parties agree that in applying

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

section 1170.95, subdivision (c), the trial court improperly weighed the evidence rather than limiting itself to a determination of whether defendant's assertions, if accepted as true, support a finding that he was convicted of murder under an improper theory (specifically, aider and abettor liability under the natural and probable consequences doctrine). We agree and, thus, reverse the trial court's order and remand with instructions to issue an order to show cause and to hold a hearing to determine whether defendant is entitled to relief pursuant to section 1170.95.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 1985, an information was filed charging defendant with the murder of Christopher Rond with malice aforethought (§ 187) (count I); attempted murder of David K. (§§ 664, 187) (count II); and assault of David with a deadly weapon (§ 245, subd. (a)(1)) (count III). As to counts I and II, it was alleged that defendant personally used a deadly weapon, to wit, a knife.

According to the nonpublished appellate decision[2] affirming his conviction (*People v. Dayrit* (Aug. 4, 1987, A034189)), these charges arose out of a party in Solano County attended by a group of young men, at least some of whom were drinking heavily. By around 10 p.m., this group became noisy and aggressive and, for some reason, turned unfriendly toward 16-year-old Rond. (*Id.* at pp. 1–2.) Although Rond and his 17-year-old friend, David, were unarmed, members of the group began flashing knives at them and a "melee" ensued. Rond and David tried to escape but were surrounded once

---

[2] To evaluate the sufficiency of defendant's petition, the trial court appropriately relied upon the nonpublished decision by the First Appellate District, Division One, affirming his conviction. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137 ["the court could, and properly did, consider the record of defendant's conviction, including our prior opinion, in evaluating the sufficiency of the petition [for resentencing under § 1170.95]"], review granted, Mar. 18, 2020, S260598.)

they entered their vehicle.  Members of the group then smashed the car's windshield and lashed out at the victims with their knives through the vehicle's open windows.  Both Rond and David were stabbed, and Rond was pulled from the vehicle and knocked to the ground.  Once on the ground, the young males punched and kicked him in the face and body and repeatedly stabbed him.  Rond died from stab wounds to the aorta and pulmonary artery, prompting one of the young males to exclaim:  " 'You dumb [expletive], why'd you die?' "  David, in turn, suffered stab wounds on his right arm and "by the right side near his kidney."  (*Ibid.*)

After the People rested, the trial court acquitted defendant of first degree murder.  The jury was then instructed on various theories of murder, including aider and abettor liability under the natural and probable consequences doctrine.  The jury was also instructed that they need not unanimously agree on whether defendant was the actual killer or an accomplice.  (*People v. Dayrit, supra*, A034189, at pp. 2–3.)

The jury ultimately found defendant guilty of second degree murder, attempted murder and assault.  The jury also found true the allegation that defendant personally used a deadly weapon.  This judgment was later affirmed on appeal in the nonpublished decision issued in 1987.  (*People v. Dayrit, supra*, A034189, at p. 11.)

Over 30 years later, on January 1, 2019, SB 1437 took effect and, among other things, eliminated liability for murder under the natural and probable consequences doctrine.  (Stats. 2018, ch. 1015, § 1, subd. (f).)  As mentioned, SB 1437 also established a procedure under newly enacted section 1170.95 for eligible defendants to petition for resentencing. (§ 1170.95, subds. (a)–(g).)

3

Thus, on January 2, 2019, defendant filed his original petition pursuant to section 1170.95, asking the trial court to vacate his murder conviction and resentence him on the remaining offenses. Defendant's request for appointed counsel was granted, and he then filed the operative amended petition on December 9, 2019.

On January 28, 2020, the trial court denied defendant's petition for failure to make a prima facie showing that he was entitled to relief. Defendant timely appealed.

## DISCUSSION

The sole issue raised by defendant on appeal is conceded by the People: The trial court applied the wrong legal standard when undertaking the inquiry required by section 1170.95, subdivision (c)[3] to assess whether defendant made a prima facie showing that he was convicted of murder under the now invalidated theory of natural and probable consequences. The parties are correct.

---

[3] "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

The California Supreme Court has granted petitions for review in several cases to consider issues relating to the nature and scope of section 1170.95, subdivision (c). (E.g., *People v. Beaudreaux* (2020) (Aug. 31, 2020, A159751) [nonpub. opn.], review granted Nov. 10, 2020, S264885; *People v. Lewis*, *supra*, 43 Cal.App.5th 1128, rev.gr.; *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted Mar. 18, 2020 (*Verdugo*).)

4

We review questions of statutory interpretation de novo, applying well-established legal principles. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) Our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose. (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.) " 'We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context . . . .' [Citations.] The plain meaning controls if there is no ambiguity in the statutory language." (*Ibid.*)

Section 1170.95 delineates four steps for resolving whether a petitioner is entitled to relief based on SB 1437. "First, the defendant files a petition, which the trial court may deny without prejudice if it does not contain certain required information. (§ 1170.95, subd. (b).) Second, the court determines whether the defendant has made a prima facie showing of entitlement to relief. If so, it issues an order to show cause. (§ 1170.95(c).) Third, the court holds an evidentiary hearing to determine whether the murder conviction should be vacated. (§ 1170.95, subd. (d)(1), (3).) And finally, if the defendant is entitled to relief, the court recalls the sentence, vacates the conviction and any accompanying enhancements, and resentences the defendant. (§ 1170.95, subd. (d).)" (*People v. Cooper* (2020) 54 Cal.App.5th 106, 113–114, review granted Nov. 10, 2020, S264684 (*Cooper*).)

We are concerned here with the second step—whether defendant made a prima facie showing in accordance with section 1170.95, subdivision (c) such that the trial court should have issued an order to show cause and scheduled an evidentiary hearing to adjudicate his entitlement to relief. (*Cooper, supra,* 54 Cal.App.5th at pp. 114–115, rev.gr.) For this showing, a petitioner must attest under penalty of perjury that he or she is eligible for relief under section 1170.95, based on three prerequisites: (1) "[a] complaint,

information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "[t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder"; and (3) "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) *"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95(a), then the trial court should issue an order to show cause. (§ 1170.95(c).)"* (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980–981, italics added (*Drayton*).) The trial court "must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd. (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).)"[4] (*Id.* at p. 981.)

Several reviewing courts have read section 1170.95, subdivision (c) to require two separate reviews by the trial court in assessing whether a petitioner is entitled to an order to show cause, "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be *eligible for relief*—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is *entitled to relief.*" (*People v. Verdugo, supra,* 44 Cal.App.5th at p. 328, rev.gr., italics added; see

---

[4] Notably, after the issuance of an order to show cause, the burden of proof shifts to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

6

*Drayton, supra,* 47 Cal.App.5th at p. 975 ["section 1170.95(c) contemplates two separate assessments by the trial court of a prima facie showing: one focused on 'eligibility' for relief and the second on 'entitlement' to relief"].) Here, we are only concerned with the second type of review, relating to defendant's *entitlement* to relief following a round of briefing by the parties. This review has been likened to the procedure for seeking an order to show cause in habeas corpus proceedings. (*Verdugo*, at p. 328, rev.gr.; see Cal. Rules of Court, rule 4.551(b).)

Specifically, similar to the habeas corpus procedure, the trial court should assume all facts stated in the petition are true when assessing the petitioner's prima facie showing in accordance with section 1170.95, subdivision (c). (*Verdugo, supra*, 44 Cal.App.5th at p. 328, rev.gr.; see *People v. Perez* (2020) 54 Cal.App.5th 896, 903–904, review granted Dec. 9, 2020, S265254 (*Perez*); *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165–1166.) Further, "[t]he trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the

7

crime)." (*Drayton, supra*, 47 Cal.App.5th at p. 980; accord, *Perez*, at pp. 903–904, rev.gr.; *Nguyen*, at pp. 1165–1166.)

Based on these legal principles, we agree with the parties that if defendant made the requisite assertions regarding his entitlement to section 1170.95 relief, and no facts exist to negate them as a matter of law, the trial court's denial of his petition at this stage of the proceedings was erroneous. (See *Drayton, supra*, 47 Cal.App.5th at p. 980; see also *Perez, supra*, 54 Cal.App.5th at p. 906, rev.gr. ["as part of the second step of the trial court's prima facie review under section 1170.95, subdivision (c), the court may consider the testimony presented at the preliminary hearing, but the petitioner has an opportunity to present contrary evidence or make an offer of proof of evidence . . . of conflicting testimony or other evidence the petitioner could present or of discussions on the record showing the prosecutor intended to proceed on an alternative theory of aider and abettor liability under the . . . natural and probable consequences doctrine"].)

In the nonpublished decision affirming defendant's murder conviction, Division One of this appellate district summarized the record as follows: "There was evidence from which it might reasonably have been inferred that defendant <u>Dayrit</u> directly committed the stabbing causing the death of Rond, <u>or</u> that he had aided and abetted such stabbing, <u>or</u> that both such theories were valid.[5]  Likewise, it might reasonably have been inferred by the jury that while intending to assault or kill one of the victims, <u>Dayrit</u> had stabbed the other.  Accordingly, the trial court instructed the jury on the doctrines of

---

[5] The jury was specially instructed that jurors need not unanimously agree on whether defendant was the actual killer or an accomplice.  (*People v. Dayrit, supra*, A034189, at p. 3.)

8

'aiding and abetting' and of "transferred intent.' " (*People v. Dayrit, supra*, A034189, at pp. 2–3.)

The trial court seized on this analysis when denying defendant's petition: "[T]he Court of Appeals [*sic*], again, stated there was evidence from which a jury might reasonably have inferred that petitioner directly caused the stabbing, causing the death, or that he aided and abetted the stabbing. [¶] So it appears to the Court that for the reasons just indicated, that the— based on the evidence in the record and in consideration of the fact that the petitioner has not set forth any new or different facts, that a conviction of murder could certainly still arise should the petitioner's case be tried again. [¶] So the Court finds that the petitioner has failed to make a prima facie showing that he's entitled to relief . . . ."

This record excerpt shows that, rather than accept as true the facts raised in defendant's petition that show the jury may have relied on a murder theory to convict him that, post-SB 1437, is no longer valid, the trial court weighed the evidence and concluded the opposite—that the jury could have relied upon a still valid theory to convict him. This is contrary to the language and intent of section 1170.95, subdivision (c). (See *Drayton, supra*, 47 Cal.App.5th at p. 980; *Verdugo, supra*, 44 Cal.App.5th at p. 328, rev.gr.)

As the Court of Appeal decision reflects, it is not possible in this case to rule out the possibility that the jury relied on the natural and probable consequences doctrine to convict defendant of murder. The jury was instructed, "One who aids and abets is not only guilty of the particular crime that to his knowledge his confederates are contemplating commiting [*sic*], but he is also liable for the natural and reasonable or probable consequences of any act he knowingly aided or encouraged." The jury therefore may have concluded that defendant intended to take part in the melee and to commit

9

assault with a knife with the aim of injuring or merely frightening Rond and David. The jury could have then concluded that Rond's death was the natural and probable consequence of the assault with a knife and convicted defendant of murder without finding beyond a reasonable doubt that he acted with malice aforethought.

Accordingly, defendant is entitled under section 1170.95, subdivision (c) to an order to show cause and a hearing on the merits of his petition. (See *Drayton, supra*, 47 Cal.App.5th at p. 982 [the trial court erred by finding that petitioner was a major participant in the underlying felony who acted with reckless indifference to human life because, "[a]t this stage of the petition review process, governed by section 1170.95(c), the trial court should not have engaged in this factfinding without first issuing an order to show cause and allowing the parties to present evidence at a hearing"]; cf. *Verdugo, supra*, 44 Cal.App.5th at p. 335, rev.gr. [no error to deny petition without issuing an order to show cause where "[a] finding that Verdugo had aided and abetted the premeditated murder necessarily included a finding that he, not simply [the actual killer], specifically intended to inflict death"].) The trial court thus erred in denying defendant's petition at this juncture.

## DISPOSITION

The trial court order of January 28, 2020, is reversed. The matter is remanded with instructions to issue an order to show cause and to set a hearing under section 1170.95, subdivision (d).

10

_____
Jackson, J.

WE CONCUR:


_____
Siggins, P. J.


_____
Fujisaki, J.


A159550/*People v. Marcial S. Dayrit*

11