Filed 4/30/26  P. v. Cruz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B341634 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. XEAKA116099 |
| CHRISTIAN CRUZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Reversed in part, affirmed in part, remanded with directions.

Courtney Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

Christian Cruz appeals from his resentencing under Penal Code section 1172.75.[1]  Cruz contends (1) we must remand the case for the court to consider the continuing validity of his gang enhancements after Assembly Bill No. 333 and *People v. Lopez* (2025) 17 Cal.5th 388, and (2) the court erred in reimposing the upper term on the principal count for first degree burglary.  The Attorney General agrees with Cruz on the first point and disagrees on the second.  In light of the parties' agreement about *Lopez*, we remand the case for further proceedings on that issue.  As for the second issue, we agree with *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 and other cases holding the exception to section 1172.75, subdivision (d)(4) applies.  Because the trial court originally imposed the upper term, it permissibly reimposed that term in resentencing Cruz.

## FACTS AND PROCEDURAL BACKGROUND

### 1.    *Cruz dissuades a witness*[2]

On March 21, 2017, a man later identified as Cruz came to Zonia M.'s door.  It was dark outside.  He told her he was from Townsmen and instructed her not to come to court.  Zonia knew Townsmen was a gang.  On the evening of April 21, 2017, Cruz again came to Zonia's home.  He told her "[her] name was coming out in the papers."  He said, "Don't go to court on Monday."  Zonia was scared.

---

[1]    References to statutes are to the Penal Code.

[2]    As the facts are unnecessary for our resolution of this appeal, we summarize them only briefly.  We take these facts from the transcript of the preliminary hearing, attached to the prosecution's opposition to Cruz's request for resentencing.

According to Los Angeles County Sheriff's Department Detective Michael Hernandez, Zonia and her sister were witnesses in an attempted murder case against Hernan Flores. Flores was later convicted. Cruz was a self-admitted Townsmen member with gang tattoos.

## 2. *The charges, plea agreement, and sentence*

The People charged Cruz with dissuading a witness (Zonia) on the March and April dates, criminal threats against Zonia, and first degree burglary, person present. The People alleged Cruz committed the crimes for the benefit of, at the direction of, or in association with a criminal street gang. The People also alleged Cruz had a prison prior under section 667.5, subd. (b).

On August 15, 2018, Cruz entered into a plea agreement with the prosecution. Cruz pleaded no contest to the criminal threats and first degree burglary counts and admitted the "person present" allegation on the burglary count, the gang allegations on both counts, and the prison prior. In accordance with the plea agreement, the court sentenced Cruz to 20 years and four months in the state prison. On the burglary count—the principal count—the court imposed the upper term of six years plus 10 years for the gang enhancement and one year for the prison prior. On the criminal threats count, the court sentenced Cruz to one-third the midterm of two years (eight months) plus 20 months for the gang enhancement. In addition, as part of the plea deal, the court resentenced Cruz on an earlier case he'd had—BA446288, in which he'd been sentenced to three years— to one-third the midterm of three years (one year), consecutive to his sentence in this case.

3

### 3. *The CDCR notice and resentencing*

In 2023, the court apparently received a notice from the California Department of Corrections and Rehabilitation that Cruz was eligible for resentencing under Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).[3] The court appointed counsel for Cruz. The prosecution filed a pleading conceding the court must strike Cruz's prison prior but opposing any additional changes to his sentence. The prosecution attached a copy of the preliminary hearing transcript, Cruz's criminal history, and the probation department report. Cruz's counsel filed a petition for resentencing, asking the court to strike the gang enhancements. Counsel attached a forensic evaluation by Dr. Natalie Sobel (prepared in connection with Cruz's request for a *Franklin* hearing[4]) and a number of letters of support.

On October 16, 2024, the parties appeared before the court. Defense counsel asked the court to strike the gang enhancements. He asserted Cruz had "made great strides while in prison in terms of turning his life around" and "been involved in school." Counsel noted Dr. Sobel's report "indicates he is amenable to rehabilitation."

Referring to the report, the court noted Cruz had an "ongoing substance abuse issue" and had engaged in "dangerous behavior, including physical altercations with others." The court stated Cruz also had "a new conviction" for assault. Cruz had not "followed the rules," the court said, and he was "basically still a danger." The court struck Cruz's prison prior but otherwise declined "to exercise its discretion to modify the sentence."

---

[3] The record on appeal does not include the notice.

[4] *People v. Franklin* (2016) 63 Cal.4th 261.

4

**DISCUSSION**

1. *The parties agree we must remand the matter for further proceedings on the gang enhancements*

Citing *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*), Cruz contends he was entitled to have the court consider the changes made to section 186.22 by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333). Those changes, Cruz says, apply retroactively to his case, because his conviction was not yet final. The Attorney General agrees.

About three months after Cruz was resentenced, our high court decided *Lopez*, *supra*, 17 Cal.5th 388. The court held the ameliorative changes to the gang statute made by Assembly Bill 333 apply to cases in which "sentencing issues remain pending before the superior court following remand." (*Lopez*, at p. 392.) As the Attorney General notes, the superior court here did not have the opportunity to "consider whether [Cruz] met the revised requirements for determining whether [his] gang constituted a 'criminal street gang' (§ 186.22, subd. (d)), whether it engaged in 'a pattern of criminal gang activity' (§ 186.22, subd. (e)(1) & (2)), or whether [Cruz's] actions were for the 'common benefit to members of a gang' (§ 186.22, subd. (g).)" Accordingly, we remand the matter to allow for that consideration.

2. *The superior court did not err in reimposing the upper term*

Cruz also contends the trial court erred in imposing the upper term on the burglary count. Cruz urges us to follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*) rather than *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*). We decline.

5

When conducting a resentencing hearing under Senate Bill 483, section 1172.75, subdivision (d)(2) requires the court to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b) (section 1170(b)) to prohibit imposition of a sentence that exceeds the middle term where a statute specifies three possible terms. (Stats. 2021, ch. 731, § 1.3.)  Section 1170, subdivision (b)(2) permits imposing the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term . . . exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The resentencing provision under section 1172.75 provides an exception to the factfinding requirement of section 1170(b). Section 1172.75, subdivision (d)(4) (section 1172.75(d)(4)) states:

> "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The first clause—"Unless the court originally imposed the upper term"—provides an exception from the second clause's factfinding requirement for defendants who were originally

6

sentenced to the upper term. According to the court in *Brannon-Thompson*, the plain language of section 1172.75(d)(4) states the factfinding requirement under section 1170(b) applies only if the court is imposing the upper term for the first time. (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466–467.) *Brannon-Thompson* concluded section 1172.75 permits the court to reimpose an upper term sentence even if a factfinder never found an aggravating factor beyond a reasonable doubt. (*Brannon-Thompson*, at p. 458.)

We see no ambiguity in section 1172.75 and agree with the *Brannon-Thompson* court's interpretation of it. (See *People v. Cornett* (2012) 53 Cal.4th 1261, 1265 [when interpreting a statute, "[t]he plain meaning controls if there is no ambiguity in the statutory language"].)

Finally, citing *Gonzalez*, *supra*, 107 Cal.App.5th 312, Cruz contends this statutory exception violates the Sixth Amendment. *People v. Mathis* (2025) 111 Cal.App.5th 359, review granted August 13, 2025, S291628 (*Mathis*) addressed this issue. In *Mathis*, the version of section 1170(b) in effect at the time of the defendant's original sentence in 2017 granted the trial court broad discretion to select any of the three prison terms provided for the offense. The middle term was not presumptive and there was no requirement that a jury or a court find a particular fact to justify imposition of the upper term. Section 1170(b) did not violate the Sixth Amendment because an additional factual determination was unnecessary to impose a greater sentence. (*Mathis*, at pp. 372–374.)

According to *Mathis*, because this same statutory scheme was in effect when the Legislature established section 1172.75, the heightened factfinding requirement was not necessary for

7

defendants who originally received the upper term. (*Mathis*, *supra*, 111 Cal.App.5th at p. 373.) Those defendants would have been sentenced under the earlier version of section 1170(b), which gave courts the broad discretion to dispense with the heightened factfinding requirement. (*Mathis*, at p. 373.) Under this version of section 1170(b), an upper term sentence would have complied with the Sixth Amendment when originally imposed. (*Mathis*, at pp. 373–374.) When resentencing under section 1172.75, a court need not engage in any additional factfinding if the upper term originally was imposed.

The Supreme Court has granted review on this issue in *People v. Eaton* (March 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903, and it will have the final say on whether section 1172.75(d)(4) permits a court to reimpose an upper term sentence without satisfying the factfinding requirement of section 1170(b). (See *Mathis*, *supra*, 111 Cal.App.5th at pp. 372–373 & fn. 6.) Until then, we agree with *Brannon-Thompson* and *Mathis*, and decline to follow *Gonzalez*.

## DISPOSITION

We vacate the trial court's resentencing order and remand the matter for further proceedings consistent with *Lopez*. We otherwise affirm the judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.