Filed 9/26/23 (unmodified opn. attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PHIL HAGEY, | G061836 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 30-2021-01202580) |
| SOLAR SERVICE EXPERTS, LLC, | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |
| Defendant and Respondent. | |

It is hereby ordered that the opinion filed on August 30, 2023, be modified as follows:

On page 2, replace footnote 2 in its entirety with the following:

Given the procedural posture of this case, the facts we recite are primarily taken from the operative (second amended) complaint allegations. Defendant contended below that certain factual allegations in the operative complaint were inconsistent with the contents of documents referenced in the operative complaint and allegations in the first amended complaint. It requested the court take judicial notice of the first amended complaint, its ruling on defendant's demurrer to the first amended complaint, and certain state government business records. The trial court took judicial notice of those documents and agreed with defendant's contentions. Plaintiff does not challenge that ruling on appeal; thus, the facts we recite account for the court's ruling. Defendant asks us to take judicial notice of the same documents. We take judicial notice of the court

records but decline to take judicial notice of the business related records. (Evid. Code, § 459.) The latter documents are not relevant to the issue raised in this appeal; they appear to relate to other aspects of the demurrer ruling not challenged by plaintiff.

There is no change in the judgment.

The petition for rehearing is DENIED.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


MOTOIKE, J.

Filed 8/30/23 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PHIL HAGEY, | |
| Plaintiff and Appellant, | G061836 |
| v. | (Super. Ct. No. 30-2021-01202580) |
| SOLAR SERVICE EXPERTS, LLC, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge. Reversed and remanded with instructions. Request for judicial notice granted in part and denied in part.

Law Offices of Todd M. Friedman, Todd M. Friedman, Adrian R. Bacon and Thomas E. Wheeler for Plaintiff and Appellant.

Caldarelli Hejmanowski Page & Leer, Marisa Janine-Page and Ben West for Defendant and Respondent.

This case, which involves purportedly unlawful debt collection practices of defendant Solar Service Experts, LLC, calls on us to interpret aspects of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act) (Civ. Code, § 1788 et seq.).[1]  Plaintiff Phil Hagey appeals from a judgment of dismissal entered following the sustaining of a demurrer to his second amended complaint without leave to amend.  The trial court concluded plaintiff did not, and could not, allege facts sufficient to constitute a consumer credit transaction, as statutorily defined.  Plaintiff argues the court erroneously focused on the undisputed fact he did not owe the debt which defendant sought to collect and, in doing so, failed to recognize the Rosenthal Act applies to debt alleged to be due or owing by reason of a consumer credit transaction.  We agree and reverse the judgment.

## FACTS[2]

Plaintiff owns a home with a solar energy system (the system).  At the time he purchased the home, the prior homeowner was party to a contract with a company, Kilowatt Systems, LLC (Kilowatt), which owned the system (the solar agreement).  Among other terms, the solar agreement required the prior homeowner to purchase the energy produced by the system through monthly payments to Kilowatt.

---

[1]	All further statutory references are to the Civil Code unless otherwise stated.

[2]	Given the procedural posture of this case, the facts we recite are taken from the operative (second amended) complaint allegations.  Defendant contended, and the trial court agreed, that certain factual allegations in the operative complaint were inconsistent with the contents of documents referenced in the operative complaint and allegations in the first amended complaint.  At defendant's request, the court took judicial notice of the first amended complaint, its ruling on defendant's demurrer to the first amended complaint, and certain state government business records.  Defendant asks us to take judicial notice of those same documents.  We take judicial notice of the court records but decline to take judicial notice of the business related records.  (Evid. Code, § 459.)  The latter documents are not relevant to the issue raised in this appeal; they appear to have been related to other aspects of the demurrer ruling not challenged by plaintiff.

2

In the event of a sale of the house, the solar agreement afforded the prior homeowner three options. The prior homeowner and plaintiff agreed to an option which allowed prepayment of all remaining monthly payments and a transfer of all solar agreement rights and obligations to plaintiff, except for the monthly payment responsibility. In conjunction with the sale of the house, prepayment occurred and the parties entered into the requisite transfer agreement.

At some later point in time, defendant began sending plaintiff monthly bills on Kilowatt's behalf, demanding payments pursuant to the solar agreement. After receiving a bill, plaintiff spoke to a representative of defendant who told him he should not have received the bill and the issue would be resolved. Thereafter, however, plaintiff received additional bills and at least one late payment notice which identified defendant as a debt collector. Plaintiff communicated with defendant's representatives about the errors by phone and email, all to no avail.

Plaintiff filed a class action lawsuit against defendant. The complaint alleged, on behalf of the class, violation of California's Unfair Competition Law (Business & Prof. Code, § 17200 et seq.), and on behalf of plaintiff individually, violation of the Rosenthal Act. A first amended complaint added a cause of action, on behalf of the class, for violation of the Consumer Legal Remedies Act (CLRA) (§ 1750 et seq.).

Defendant successfully demurred to the first amended complaint, leading plaintiff to file a second amended complaint. The trial court granted a demurrer to the entirety of the second amended complaint for failure to state a claim. With respect to the unfair competition and CLRA causes of action, the court granted leave to amend. It did not do so with respect to the Rosenthal Act cause of action.

Plaintiff requested entry of judgment dismissing the action so he could pursue an appeal. He timely appealed thereafter.

3

**DISCUSSION**

The sole issue presented in this appeal hinges on statutory interpretation of certain provisions of the Rosenthal Act. Plaintiff argues the trial court erred in concluding the operative complaint does not state a cause of action under the statutory scheme because it fails to allege a consumer credit transaction, as that term is defined by statute. He contends the court overlooked a key aspect of the statutory definitions which encompasses debt alleged to be due or owing, not simply debt that is, in fact, due or owing. Defendant contends the court got it right—plaintiff did not acquire anything on credit and, therefore, was not party to a consumer credit transaction to which the statutory scheme applies. Plaintiff's argument has merit.

*Principles of statutory interpretation and standard of review*

"The basic rules for statutory construction are well settled. [¶] . . . '[O]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] 'We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent.' [Citations.] The plain meaning controls if there is no ambiguity in the statutory language. [Citation.] If, however, 'the statutory language may reasonably be given more than one interpretation, ""courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute."'" [Citation.]" (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.)

"[I]n reviewing a trial court's order sustaining a demurrer without leave to amend[,] '[w]e independently review the ruling . . . and determine de novo whether the complaint alleges facts sufficient to state a cause of action. [Citation.] We assume the

4

truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. [Citation.]  We construe the pleading in a reasonable manner and read the allegations in context.'"  (*Davidson v. Seterus, Inc.* (2018) 21 Cal.App.5th 283, 294 (*Davidson*).)

*Collection of consumer debts*

Enacted in 1977, the Rosenthal Act aims "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  (§ 1788.1, subd. (b).)  Among other matters, it generally requires "debt collector[s] collecting or attempting to collect a consumer debt" to comply with the provisions of its federal counterpart, the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 et seq.). (§ 1788.17; *Davidson, supra*, 21 Cal.App.5th at p. 295.)  The legislation is "'a remedial statute [that] should be interpreted broadly in order to effectuate its purpose.'" (*Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal.App.4th 324, 340.)

To determine whether defendant and its activities vis-à-vis plaintiff fall within its scope of the Rosenthal Act, we turn to the Act's definitions.  "Debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection."  (§ 1788.2, subd. (c).)  "[D]ebt collection" consists of "any act or practice in connection with the collection of consumer debts."  (§ 1788.2, subd. (b).)  In turn, "consumer debt" is defined to be "money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction."  (§ 1788.2, subd. (f).)  A "consumer credit transaction" is "a transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes."  (§ 1788.2, subd. (e).)

5

Thus, for debt collection activity concerning money to fall within the scope of the Rosenthal Act, it must involve money due or owing, or alleged to be due or owing, by reason of a transaction in which property, services, or money is acquired on credit primarily for personal, family, or household purposes.

The question before us is whether the operative complaint alleges activity by defendant which falls within the ambit of consumer debt collection activity. The simple answer is it does. To begin, the allegations state defendant sent plaintiff bills and late payment notices about money which defendant claimed plaintiff owed. This satisfies the money "alleged to be due or owing" component of the statutory scheme.

Defendant incorrectly focuses on the apparently undisputed fact that plaintiff did not actually owe the money for which he was billed. The plain statutory language makes clear the Legislature did not choose to protect only those who owe money. (See *Fausto v. Credigy Services Corp.* (N.D. Cal. 2009) 598 F.Supp.2d 1049, 1053 [reaching same conclusion with respect to similar language in FDCPA].) Indeed, the Rosenthal Act, like the FDCPA, was specifically designed "to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" (*Swanson v. South Oregon Credit Service, Inc.* (9th Cir.1988) 869 F.2d 1222, 1225; see also *Paredes v. Credit Consulting Services, Inc.* (2022) 82 Cal.App.5th 410, 425 (*Paredes*) ["The Rosenthal Act is modeled on, and applies more broadly than, the federal FDCPA."].) "It is difficult to conceive of a more *unfair* debt collection practice than dunning the wrong person" or dunning a person for debt already paid. (*Davis v. Midland Funding, LLC* (E.D. Cal. 2014) 41 F.Supp.3d 919, 925, italics in original.)

Turning to the second component of consumer debt, namely the reason for which the debt is alleged to be owing, the complaint alleges the outstanding monies were payments purportedly owed under the solar agreement. Pursuant to the solar agreement, Kilowatt agreed to install a solar panel system on the home, operate, maintain and repair

6

it, and sell to the homeowner all electric energy produced by it. In exchange, the homeowner agreed to pay for all electricity produced and to use such electricity "primarily for personal, family or household purposes[.]" Pre-payment was not required, and each monthly payment was for past service (e.g., June bill was for electricity generated in May).

Given this structure, the solar agreement embodies a transaction in which services were acquired on credit primarily for personal, family, or household purposes— i.e., a consumer credit transaction. (See *Davidson, supra*, 21 Cal.App.5th at p. 296 [concluding "on credit" as used in Rosenthal Act means "obtaining something of value without immediate payment on the promise to make a payment or payments in the future"]; Merriam-Webster Dict. Online (2023) <https://www.merriam-webster.com/dictionary/credit> [as of June 7, 2023] [defining "credit" as "the provision of money, goods, or services with the expectation of future payment"].) Once again, it is irrelevant all money due under the solar agreement was already paid. And it is equally irrelevant that plaintiff was not a party to the solar agreement. The focus is what defendant's debt collection practices said about the supposed debt, namely that it was due and owing under the solar agreement.

Defendant argues sustaining of the demurrer should be affirmed because plaintiff did not, and cannot, allege a transaction between him and defendant. But nothing in the Rosenthal Act requires a transaction between the debt collector and the alleged debtor. Quite the opposite, the legislation encompasses debt collection activity engaged in on behalf of another. (§ 1788.2, subd. (c).)

Because the operative complaint stated a cause of action under the Rosenthal Act, defendant's demurrer should have been overruled as to that cause of action. The trial court erred in doing otherwise.

## DISPOSITION

The judgment is reversed. On remand, the trial court shall vacate the judgment and the order sustaining defendant's demurrer in full and shall enter a new order overruling the demurrer as to plaintiff's Rosenthal Act cause of action. Plaintiff is entitled to costs on appeal.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


MOTOIKE, J.

8