Filed 7/31/25  P. v. Watkins CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B334370 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA060163) |
| v. | |
| RUSSELL DEAN WATKINS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2014, defendant and appellant Russell Dean Watkins pled no contest to kidnapping (Pen. Code, § 207, subd. (a))[1] and was sentenced to serve 17 years in state prison. In 2023, pursuant to section 1172.75,[2] the trial court struck a one-year prior prison term enhancement (former § 667.5, subd. (b)) and resentenced defendant to serve 16 years. On appeal from his resentencing, defendant argues that the court erred by reimposing the high term on the kidnapping charge and by declining to dismiss his prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12).

We affirm.

## BACKGROUND

I. *Facts*[3]

On July 8, 2013, defendant grabbed his girlfriend, S.C., by the arm and told her to get into his car. S.C. pleaded with defendant to let her go. S.C. managed to pull her arm away from defendant, but defendant regained control. Grabbing S.C. by her hair and arm, defendant threw her into the front seat of his car. S.C. attempted to get out of the car, but defendant drove off before she could.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, section 1171.1 was renumbered section 1172.75, with no substantive change. (Stats. 2022, ch. 58, § 12; *People v. Burgess* (2022) 86 Cal.App.5th 375, 378, fn. 2.) For simplicity, we refer to the section by its new numbering.

[3] We draw these underlying facts from the probation report.

2

II. *Conviction and Sentencing*

Defendant pled no contest to one count of kidnapping (§ 207, subd. (a)) and admitted that he had suffered one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and one prior prison term (former § 667.5, subd. (b)).  The trial court sentenced defendant to an aggregate term of 17 years in state prison, comprised of the high term of eight years for the kidnapping, doubled to 16 years for the strike conviction, plus one year for the prior prison term enhancement.

III. *Section 1172.75 Proceedings*

A. <u>Defendant's motion for resentencing</u>

In 2022, the California Department of Corrections and Rehabilitation identified defendant as being potentially entitled to resentencing relief under Senate Bill No. 483 (2021-2022 Reg. Sess.).  Represented by appointed counsel, defendant filed a motion for resentencing, asking the trial court to strike the prior prison term enhancement, dismiss the strike conviction, and resentence defendant to the low term of three years for the kidnapping.

Defendant attached a social history report prepared by a paralegal at the Alternate Public Defender's Office, which stated that defendant was abused as a child and had "suffered from diagnosed mental illness since he was in high school."  Defendant also attached a probation report prepared in October 2013 and various prison records documenting his educational and mental health program achievements.

B. <u>The People's opposition</u>

The People, represented by the Los Angeles County District Attorney's Office, filed an opposition.  Although conceding that the one-year prior prison term enhancement should be stricken,

3

the People "oppose[d] any other reduction in sentencing." The People attached a list of prison rule violations committed by defendant, including a "[s]erious" violation for fighting.

C. Trial court's ruling

At the resentencing hearing on September 26, 2023, the trial court struck the one-year prior prison term enhancement pursuant to section 1172.75.

After entertaining oral argument regarding further reductions of defendant's sentence, the trial court explained that it took defendant's statements regarding his childhood trauma "at face value . . . because we have nothing to support that." The court noted "a long history to support that [defendant] suffered from mental health illness" and that defendant was being treated in the prison's Enhanced Outpatient Program (EOP) for his "bipolar condition." The court stated that defendant's mental health was "a factor in mitigation that" it was "greatly considering."

The trial court noted that defendant had three prior domestic violence-related convictions. The court also found it significant that, despite his mental health treatment and the knowledge that he would have an opportunity for resentencing, defendant was found guilty of fighting, a serious prison rule violation, just two months before the hearing. This showed that defendant "still could not control [him]self with respect to physical violence with others."

The trial court declined to dismiss the prior strike conviction, finding that doing so would not be "in the interest of justice or within the spirt of the law under" *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) or section 1385, subdivision (c). Rather, the court found that dismissing the

strike would "endanger the public safety," including "physical injury or other serious danger to others . . . ."

With respect to the applicable term for the kidnapping, the trial court concluded that "[i]n no way, shape, or form is this a low term case." In justifying imposition of the high term, the court found that defendant's prior convictions were numerous and of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)); defendant served a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)); defendant was on parole when the current crime was committed (Cal. Rules of Court, rule 4.421(b)(4)); and defendant's prior performance on probation or parole was unsatisfactory (Cal. Rules of Court, rule 4.421(b)(5)). The court found "that the aggravating circumstances outweigh[ed] the mitigating circumstances[.]"

The trial court resentenced defendant to serve 16 years, comprised of the high term of eight years, doubled for the strike.

IV. *Appeal*

Defendant timely appealed from his resentencing.

## DISCUSSION

I. *Standards of Review*

We review the trial court's sentencing decisions for an abuse of discretion. (*People v. Moseley* (2024) 105 Cal.App.5th 870, 874.) To the extent that we must interpret relevant statutes, we do so de novo. (*People v. Terwilligar* (2025) 109 Cal.App.5th 585, 595.)

II. *Relevant Law*

A. Section 1172.75

Effective January 1, 2022, Senate Bill No. 483 added section 1172.75, which renders "legally invalid" any former section 667.5, subdivision (b) prior prison term enhancement

5

imposed before January 1, 2020, except for a prior conviction for a sexually violent offense.  (§ 1172.75, subd. (a).)  A defendant who qualifies for the recall of his sentence under section 1172.75 is entitled to "a full resentencing" at which the trial court may reconsider all of its prior sentencing decisions.  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*).)

The statute provides "specific instructions" for the trial court to exercise broad resentencing authority.  (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.)  The trial court must "apply any . . . changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  The court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)

"Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1172.75, subd. (d)(4).)

B.  <u>Section 1170, subdivision (b)</u>

Effective January 1, 2022, Assembly Bill No. 124 and Senate Bill No. 567 made changes to section 1170 regarding

determinate sentencing.  (See *People v. Jones* (2022) 79 Cal.App.5th 37, 44, fn. 11.)  Now, when three possible terms of imprisonment can be imposed for a crime, the trial court may only impose the high term "when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term[,] and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)

Additionally, "unless the [trial] court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice," the court is required to impose the lower term if any one of several factors "was a contributing factor in the commission of the offense[.]"  (§ 1170, subd. (b)(6).)  These "contributing factor[s]" include "experienc[ing] psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."  (§ 1170, subd. (b)(6)(A); see also *People v. Banner* (2022) 77 Cal.App.5th 226, 241 ["psychological trauma based on mental illness may be a circumstance qualifying for the lower term presumption in section 1170, subdivision (b)(6)"].)

III.  *Analysis*

As required by section 1172.75, the trial court struck defendant's former section 667.5, subdivision (b) prior prison term enhancement.  And, as required, the court conducted a full resentencing (*Monroe*, *supra*, 85 Cal.App.5th at p. 402), during which the court reimposed the high term on the kidnapping

charge and declined to dismiss the strike conviction.  We find no abuse of the trial court's discretion.

A.  <u>The trial court did not err by reimposing the high term</u>

Defendant raises three challenges to the trial court's selection of the high term for the kidnapping.  Each lacks merit.

<u>First</u>, defendant contends that the trial court used an incorrect legal standard in departing from the low term.  Specifically, defendant argues that, rather than assessing whether defendant's trauma-related mental illness "was a contributing factor in the commission of the offense" (§ 1170, subd. (b)(6)), the court imposed a higher standard by requiring defendant to demonstrate that it was "a 'controlling' factor, which was 'tightly correlated' to the underlying offense."[4]

We disagree.  That the trial court used the phrases "controlling factor" and "tightly correlated" in explaining its decision does not mean that the court misunderstood section 1170, subdivision (b)(6), as *requiring* a mitigating factor to be controlling or tightly correlated to the underlying offense.  Rather, the court recognized that defendant's mental illness was a mitigating circumstance and stated that it was "greatly considering" it.

Nevertheless, even with its "great[] consider[ation]" of defendant's mental health history, the trial court expressly found "that the aggravating circumstances outweigh[ed] the mitigating

---

[4]     Defendant points to two comments made by the trial court at the hearing.  First, the court found that, although defendant's "mental health illness . . . is a factor amongst many," it was not "tightly correlated in any way to his behavior here."  Later, the court again confirmed "that mental health is a circumstance in mitigation" but explained that it did not "think it was a controlling factor in this case."

8

circumstances, and that, in fact, the imposition of the lower term would be contrary to the interest of justice."  This justified the court's departure from the low term.  (See *People v. Knowles* (2024) 105 Cal.App.5th 757, 766 (*Knowles*) ["Section 1170, subdivision (b)(6) plainly states that the court may sentence above the low term if the aggravating circumstances 'outweigh the mitigating' ones such that 'imposition of the lower term would be contrary to the interests of justice[]'"]; see also *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1158 [trial court ""affirmatively" show[ed] compliance with a statutory sentencing mandate'" where it "expressly referred to section 1170(b)(6) and found imposing lower terms 'would be contrary to the interest of justice[]'"].)

Second, defendant argues that, in reimposing the high term, the trial court erred by not affording sufficient weight to evidence of defendant's mental illness and trauma.  Defendant essentially invites us to reweigh the evidence and to substitute our judgment for that of the trial court.  We are precluded from doing so.  "Weighing [the aggravating and mitigating] circumstances is the province of the trial court.  We may not reverse a sentencing decision '"merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' [Citations.]" [Citation.]' [Citation.]" (*Knowles*, *supra*, 105 Cal.App.5th at p. 770.)  Where, as here, "[t]he court's analysis . . . of the evidence before it along with the applicable sentencing factors was neither irrational nor arbitrary, . . . we . . . will not disturb it." (*Ibid*; see also *People v. Mathis* (2025) 111 Cal.App.5th 359, 370 (*Mathis*).)

Third, defendant contends that imposition of the high term was erroneous because the trial court improperly relied on aggravating factors not admitted or proven beyond a reasonable doubt, as required by section 1170, subdivision (b)(2). Defendant is incorrect. The unambiguous language of "section 1172.75, subdivision (d)(4) carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 (*Brannon-Thompson*); accord *Mathis*, *supra*, 111 Cal.App.5th at pp. 371–374; see also *People v. Cornett* (2012) 53 Cal.4th 1261, 1265 [when interpreting a statute, "[t]he plain meaning controls if there is no ambiguity in the statutory language"].)

Here, defendant was originally sentenced to the high term for the kidnapping. The trial court could, therefore, reimpose the high term at resentencing without the relevant aggravating factors being admitted by defendant or proven beyond a reasonable doubt. (See *Mathis*, *supra*, 111 Cal.App.5th at p. 374 ["the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term"]; *Brannon-Thompson*, *supra*, 104 Cal.App.5th 455 at pp. 466–467 ["the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing"].)

Defendant urges us to follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*), which disagreed with *Brannon-Thompson*, *supra*, 104 Cal.App.5th 455. The *Gonzalez* court

10

concluded that "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment . . . . [Citation.]" (*Gonzalez*, *supra*, 107 Cal.App.5th at p. 330.)[5]

We respectfully disagree with *Gonzalez* and detect no violation of the Sixth Amendment. "When [defendant] was [originally] sentenced, in 201[4], his sentence was imposed pursuant to the version of section 1170, subdivision (b), that granted the trial court broad discretion to select any of the three applicable prison terms. . . . [U]nder that sentencing scheme, there was no requirement for the judge to find a particular fact to justify imposition of the upper term. [Citation.] As a result, the court's selection of an upper term at [defendant]'s 201[4] sentencing did not run afoul of the Sixth Amendment. [Citations.] [¶] The same statutory scheme under which [defendant] was sentenced had long been in effect at the time that the Legislature established the [section 1172.75] resentencing procedures applicable here. As a result, it was not necessary for the Legislature to impose the heightened factfinding requirements for defendants . . . who originally

---

[5] The California Supreme Court has granted review in a nonpublished case to resolve the split regarding "whether section 1172.75, subdivision (d)(4), allows a trial court to reimpose an upper term sentence where the facts underlying one or more aggravating circumstances were neither stipulated to by the defendant nor found true beyond a reasonable doubt by the factfinder. (See *People v. Eaton*[, 2025 WL 814818] (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)" (*Mathis*, *supra*, 111 Cal.App.5th at p. 373, fn. 6.)

11

received upper term sentences under the prior version of section 1170, subdivision (b)." (*Mathis*, *supra*, 111 Cal.App.5th at p. 373.)

B. <u>The trial court did not err by declining to dismiss defendant's strike</u>

Defendant also challenges the trial court's refusal to dismiss his prior strike conviction within the meaning of the Three Strikes law.

We reject defendant's contention that the trial court was required to dismiss the strike under section 1385, subdivision (c). Section 1385, subdivision (c), provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so" (§ 1385, subd. (c)(1)) and that, "[i]n exercising its discretion" to dismiss an enhancement, "the court shall consider and afford great weight to evidence offered by the defendant to prove" the presence of nine enumerated "mitigating circumstances" (§ 1385, subd. (c)(2)). We join the numerous cases holding that section 1385, subdivision (c), "applies only to an 'enhancement,' and the Three Strikes law is not an enhancement." (*People v. Burke* (2023) 89 Cal.App.5th 237, 244; accord *People v. Dowdy* (2024) 107 Cal.App.5th 1, 9–10; *People v. Dain* (2024) 99 Cal.App.5th 399, 411, review granted May 29, 2024, S283924.) Accordingly, the criteria for dismissing an enhancement set forth in section 1385, subdivision (c), did not apply.

We also conclude that the trial court did not abuse its discretion in declining to dismiss defendant's strike pursuant to section 1385, subdivision (a), and *Romero*, *supra*, 13 Cal.4th 497. In determining whether to take such action, the court was required to "consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or

12

violent felony convictions, and the particulars of his background, character, and prospects, . . . defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

The trial court expressly found that dismissing the strike would not be "in the interest of justice or within the spirit of the law under *Romero* . . . ." The court noted defendant's "pattern of behavior" involving domestic violence. The court found it particularly significant that defendant, only shortly before his resentencing hearing, had been found guilty of fighting, a serious prison rule violation. (See § 1172.75, subd. (d)(3) [permitting the resentencing court to consider "the disciplinary record . . . of the defendant while incarcerated"].) The court reasonably interpreted this as evidence of defendant's lack of self-control and that he continued to present a danger to others.

Where, as here, "the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), we will affirm its ruling.

**DISPOSITION**

The trial court's September 26, 2023, order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.
CHAVEZ


_____, J.
RICHARDSON